515 A.2d 514

COMMONWEALTH of Pennsylvania, Appellee,

v.

Michael Andrew HORWAT, Appellant.

Supreme Court of Pennsylvania.

Submitted March 6, 1986.

Decided Sept. 25, 1986.

Anthony W. DeBernardo, Jr., Richard H. Galloway & Associates, P.C., Greensburg, for appellant.

John J. Driscoll, Dist. Atty., Mary Beth Taylor, Dennis A. Kistler, Asst. Dist. Attys., Office of Dist. Atty., Greensburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from a memorandum opinion and order of the Superior Court which affirmed a judgment of sentence entered by the Court of Common Pleas of Westmoreland County. *Commonwealth v. Horwat*, 343 Pa.Super. 610, 494 A.2d 480 (1985). In a trial by jury, the appellant, Michael A. Horwat, was convicted of attempted rape, aggravated assault, terroristic threats, and indecent assault.

At trial, evidence was introduced that appellant had changed his appearance between the time of the criminal incident and the time of trial. Specifically, as was conceded in appellant's own testimony, appellant had cut his hair and reduced his weight prior to trial. There was no evidence, however, that he changed his appearance prior to a photo lineup and an actual lineup, where he was identified by Commonwealth witnesses. In fact, as the trial court stated: "In the instant case, however, several independent witnesses, including the victim herself, without hesitation or contridiction [sic] identified the defendant from photo lineups, physical lineups, and in-court identifications."

■ The primary issue [1] in the instant appeal concerns the propriety of a certain jury instruction which the trial court issued regarding the change in appellant's appearance. The charge was as follows:

A jury may infer guilt from the fact that the defendant changed or modified his appearance prior to trial where identification is an issue.

Appellant contends that the trial court's instruction permitting an inference of guilt from a change in appearance was,

---

1. In view of our disposition of this issue, in that appellant is to be granted a new trial, the other claims raised by appellant need not be addressed.

under the circumstances of this case, erroneous, and that trial counsel was ineffective in failing to object to the charge. For the following reasons, we agree.

In *Commonwealth v. Holland*, 480 Pa. 202, 217–218, 389 A.2d 1026, 1033 (1978), this Court held it proper for the trial court to instruct the jury that, where the prosecution establishes, by direct or circumstantial evidence, that an alteration in appearance has been made by a defendant who knew he was wanted for a crime and the jury finds as a fact that the change was effected with the intention of avoiding subsequent identification, an inference of consciousness of guilt may thereby arise, which, *in connection with other proof,* may form a basis upon which guilt may be inferred. See also *Commonwealth v. Osborne*, 433 Pa. 297, 249 A.2d 330 (1969); *Commonwealth v. Coyle*, 415 Pa. 379, 393, 203 A.2d 782, 789 (1964). The charge in this case was erroneous, then, first in that it enabled the jury to reach a verdict of guilt based *solely* upon the fact that appellant had changed his appearance. Secondly, the charge did not make it clear that, for an inference of appellant's consciousness of guilt to arise, there must be a finding of fact by the jury that appellant intentionally altered his physical appearance for the purpose of avoiding identification.

Certainly, where identification is at issue, as the record demonstrates that it was in the instant trial, the fact that a defendant has changed his appearance is a fact to be considered by the jury, and it is appropriate for the prosecutor to bring that fact to the jury's attention through admission of evidence and through argument. Additionally, it may be appropriate for the court to instruct the jury that a change in the defendant's appearance, where identification is at issue, is a matter that might be considered in conjunction with other evidence adduced at trial. See *Commonwealth v. Holland*, supra. The mere fact, however, that an individual charged with a crime does not have the same appearance as he did at the time of the underlying criminal incident is clearly not *alone* sufficient to support a conviction. Inasmuch as the jury instruction challenged in the

instant case clearly conveyed to the jury an impression that a change in appellant's appearance would alone be sufficient to raise an inference of guilt, the instruction was improper, and trial counsel could have had no reasonable basis for failing to object to the charge. Trial counsel was, therefore, ineffective, and a new trial is required. See *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967) (trial counsel ineffective and new trial required where counsel's actions had no reasonable basis designed to effectuate his client's interests).

Judgment of sentence reversed, and a new trial granted.

HUTCHINSON, J., joins the Majority Opinion and files a separate concurring opinion.

HUTCHINSON, Justice, concurring.

I join the majority opinion. I would add, however, that both *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967) and *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), require a showing of prejudice to the criminal defendant to support a finding that counsel was ineffective. Such prejudice is plainly shown on this record.