623 A.2d 327

**COMMONWEALTH of Pennsylvania**

v.

**Aun THUY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1992.

Filed April 13, 1993.

484

Jules Epstein, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

WIEAND, Judge:

██ Aun Thuy was tried by jury and was found guilty of first degree murder and possession of an instrument of crime in connection with the stabbing death of James Bischoff in Philadelphia on Christmas Day, 1989. After post-trial and

supplemental post-trial motions were denied, Thuy was sentenced to serve a term of life imprisonment for murder and a concurrent term of imprisonment for not less than one (1) year nor more than five (5) years for possessing an instrument of crime. On direct appeal from the judgment of sentence, Thuy is represented by his third lawyer, who argues that trial counsel was constitutionally ineffective in at least six (6) specific instances and that post-trial counsel was also ineffective for failing to assert trial counsel's ineffectiveness in post-trial motions. Because this is the first occasion at which appellant is no longer represented by counsel alleged to be ineffective, these issues are properly before this Court for review. See: *Commonwealth v. Cargo*, 498 Pa. 5, 19, 444 A.2d 639, 646 (1982); *Commonwealth v. Seachrist*, 478 Pa. 621, 624, 387 A.2d 661, 663 (1978). It is significant, however, that these issues have not been specifically addressed in prior evidentiary hearings.

The killing in this case occurred during an altercation between groups of white men and Asian men. During a verbal exchange between the groups, Arnold Bischoff punched appellant in the face. In the ensuing melee, additional punches were thrown by others in the two groups, and, according to the Commonwealth's evidence, appellant fled into a nearby house, where he obtained a knife and then returned to the fray. Meanwhile, James Bischoff had come to the aid of his brother. The Commonwealth contends that the two brothers were assailed by appellant bearing a knife and by another Asian armed with a sledgehammer. James Bischoff was thus stabbed while his brother, Arnold, was almost simultaneously struck in the head with a sledgehammer. James Bischoff died shortly thereafter. Appellant was identified at the scene and later at the police station as the killer.

"Because the law presumes that counsel is effective, the burden of establishing ineffectiveness rests with appellant." *Commonwealth v. House*, 371 Pa.Super. 23, 28, 537 A.2d 361, 363 (1988). See also: *Commonwealth v. Floyd*, 506 Pa. 85, 90, 484 A.2d 365, 367 (1984); *Commonwealth v. McKendrick*, 356 Pa.Super. 64, 71, 514 A.2d 144, 148 (1986). The standard used

to evaluate claims of ineffective assistance of counsel has been stated by the Pennsylvania Supreme Court in the following manner:

> The threshold inquiry in such claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim. *Commonwealth v. Pursell,* 508 Pa. 212, 495 A.2d 183 (1985). If this threshold is met, it must next be established that the particular course chosen by counsel had no reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Finally, we require that the defendant establish how counsel's commission or omission prejudiced him. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

*Commonwealth v. Durst,* 522 Pa. 2, 4–5, 559 A.2d 504, 505 (1989). See also: *Commonwealth v. Rollins,* 525 Pa. 335, 344, 580 A.2d 744, 748 (1990); *Commonwealth v. Davis,* 518 Pa. 77, 83, 541 A.2d 315, 318 (1988). "To establish prejudice under this standard 'requires [a] showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Commonwealth v. Carter,* 409 Pa.Super. 184, 187–188, 597 A.2d 1156, 1157 (1991), quoting *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). See also: *Commonwealth v. Pierce,* 515 Pa. 153, 157–158, 527 A.2d 973, 974–975 (1987). Moreover,

> "[b]efore a claim of ineffectiveness can be sustained, it must be determined that, in light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Miller,* 494 Pa. 229, 431 A.2d 233 (1981). We inquire whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered to advance and protect defendant's interests. See *Commonwealth v. Hill,* 450 Pa. 477, 301 A.2d 587 (1973). Thus, counsel's assistance is deemed constitutional-

ly effective once we are able to conclude the particular course chosen by counsel had some reasonable basis designated to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349 (1967).

*Commonwealth v. Dunbar,* 503 Pa. 590, 596, 470 A.2d 74, 77 (1983). See also: *Commonwealth v. Akers,* 392 Pa.Super. 170, 190, 572 A.2d 746, 756 (1990); *Commonwealth v. Harner,* 377 Pa.Super. 229, 243–244, 546 A.2d 1241, 1247–1248 (1988).

At trial, there was evidence that type A blood had been found on appellant's sneakers. There was also evidence that the victim had type A blood. The prosecuting attorney argued to the jury, therefore, that the blood found on appellant's sneakers had come from the victim. Appellant, however, testified that he had been struck in the nose during the altercation with the white men, causing him to fall to the ground unconscious and to bleed onto his shirt and down his legs. Appellant argues in this appeal that trial counsel was ineffective because he failed to discover and present evidence that appellant also had type A blood. Because of counsel's dereliction, it is argued, the Commonwealth's contention that the blood on appellant's sneakers was that of the victim remained unchallenged.

A lawyer has a duty "to assure that his client's cause is presented in the most favorable light." *Commonwealth v. Saxton,* 516 Pa. 196, 201, 532 A.2d 352, 354 (1987). Accordingly, counsel may be deemed ineffective for failing to present evidence of an exculpatory nature. See: *Commonwealth v. Haynes,* 395 Pa.Super. 322, 330, 577 A.2d 564, 568 (1990); *Commonwealth v. Guerrisi,* 297 Pa.Super. 245, 250, 443 A.2d 818, 821 (1982). See also: *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976); *Commonwealth v. Adams,* 465 Pa. 314, 350 A.2d 412 (1976). Similarly, counsel may be found ineffective for failing to investigate a potentially meritorious defense. See: *Commonwealth v. Anderson,* 501 Pa. 275, 287, 461 A.2d 208, 214 (1983); *Commonwealth v. Carter, supra* at

197, 597 A.2d at 1162. However, "[a] decision by counsel not to take a particular action does not constitute ineffective assistance if that decision was reasonably based, and was not the result of sloth or ignorance of available alternatives." *Commonwealth v. Collins,* 519 Pa. 58, 65, 545 A.2d 882, 886 (1988). See also: *Commonwealth v. Christy,* 511 Pa. 490, 501, 515 A.2d 832, 837 (1986), *cert. denied,* 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 857 (1987); *Commonwealth v. Twiggs,* 460 Pa. 105, 110–111, 331 A.2d 440, 443 (1975). The United States Supreme Court has observed:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland v. Washington, supra* 466 U.S. at 690–691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. See also: *Commonwealth v. Peterkin,* 511 Pa. 299, 317–318 and n. 11, 513 A.2d 373, 382 and n. 11 (1986), *cert. denied,* 479 U.S. 1070, 107 S.Ct. 962, 93 L.Ed.2d 1010 (1987); *Commonwealth v. Mickens,* 409 Pa.Super. 266, 280, 597 A.2d 1196, 1203 (1991).

■ After careful review, we are persuaded that there is arguable merit to appellant's contention that trial counsel was ineffective when he failed to discover and present evidence of appellant's blood type. Such evidence would have tended to corroborate appellant's testimony regarding the source of the blood on his sneakers and may also have nullified one of the Commonwealth's principal contentions at trial, i.e., that the victim's blood was found on appellant's sneakers. Indeed, the trial court, in responding to this issue after it had been raised as part of the instant appeal, observed that, "[t]here is no

question that this evidence would have benefitted the defendant, at least to the extent that it corroborated the defense argument concerning the source of the blood."

We conclude, therefore, that there is arguable merit to appellant's contention. Because counsel has not had an opportunity to explain his conduct, however, it is essential that we remand for an evidentiary hearing to determine whether a reasonable basis existed for counsel's failure to discover and present evidence that appellant's blood type was also type "A."

We also find arguable merit in appellant's contention that trial counsel was ineffective with respect to his handling of appellant's alibi defense. At trial, there was defense testimony that appellant had been rendered unconscious during the altercation with the white men and had been carried into a nearby house. Appellant, himself, testified that he had been knocked unconscious prior to the stabbing and later regained consciousness inside the house. He said he had no knowledge that a stabbing had occurred. His sister said that she had found her brother unconscious and had taken him into the house, but the time of this, in relation to the stabbing, was not established. In an affidavit appended to the appellate brief filed on appellant's behalf, she states that trial counsel did not ask her whether she carried her brother into the house before the stabbing. She also states that, if asked, she would have responded that "at the time we carried [appellant] into the house there was no white person bleeding or looking like he had been stabbed." At trial, another witness, appellant's sister-in-law, also testified that she found her brother-in-law lying on the ground and helped him into the house. However, no attempt was made to fix the time of this in relation to the stabbing. Moreover, defense counsel made no attempt to argue the defense of alibi and did not request an instruction thereon.[1]

1. The alibi issue was not raised in appellant's post-trial or supplemental post-trial motions. At the hearing thereon, however, appellant's trial counsel testified that he thought he had offered alibi testimony and had proved that appellant was carried into the house prior to the stabbing. Our own review of the trial record reveals that counsel was mistaken. No such evidence was offered at trial.

█ In *Commonwealth v. Roxberry*, 529 Pa. 160, 602 A.2d 826 (1992), the Pennsylvania Supreme Court, while consider- ing the effectiveness of counsel in handling an alibi defense, observed as follows:

> "The long-accepted definition of alibi is "a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Com- monwealth v. Jones*, 529 Pa. 149, 602 A.2d 820 (decided today); *Commonwealth v. Pounds*, 490 Pa. 621, 631, 417 A.2d 597, 602 (1980); *Commonwealth v. Whiting*, 409 Pa. 492, 498, 187 A.2d 563, 566 (1963).

> . . . .

> There is no minimum or threshold quantum of physical separation necessary for a defense to constitute an alibi, so long as the separation makes it impossible for the defendant to have committed the crime. It is theoretically possible to assert an alibi even when a crime occurs in the same building where the accused is located. If a convict is accused of stabbing a guard in the basement of a penitentia- ry and claims he was locked in a cell on the fourth floor when the crime was committed, he has asserted an alibi defense, because he was "in a different place than the scene involved and so removed therefrom as to render it impossi- ble for him to be the guilty party."

*Id.* at 163–164, 602 A.2d at 827–828. Where evidence estab- lishing an alibi has been presented and defense counsel fails to request a jury instruction on the defense, counsel can be found constitutionally ineffective. See: *Commonwealth v. Roxberry, supra; Commonwealth v. Gainer*, 397 Pa.Super. 348, 580 A.2d 333 (1990) (en banc); *Commonwealth v. Nauman*, 345 Pa.Su- per. 457, 498 A.2d 913 (1985) *Commonwealth v. Brunner*, 341 Pa.Super. 64, 491 A.2d 150 (1985).

█ In the instant case, it cannot be ascertained whether counsel failed to perceive the availability of an alibi defense or whether, having recognized the defense, he ignored it for strategic reasons. The only thing clear, therefore, is the need

for an evidentiary hearing to determine whether counsel's handling of a potential alibi defense was reasonable. If there was evidence available that appellant had been knocked unconscious and carried into his house before the stabbing, then an alibi defense was available. In that event, counsel may have been ineffective for failing to present this evidence and have the jury, after proper jury instructions, deliberate thereon. On the other hand, if counsel, after reasonable investigation, determined for strategic reasons that he could not or should not pursue an alibi defense, it may be that his decision can be supported.

■ There is no merit in appellant's remaining contentions. He contends that trial counsel was ineffective for failing to impeach James Fantom, a Commonwealth witness, by introducing evidence of prior convictions and Fantom's probationary status at the time of trial.[2] These facts, although relevant to attack the witness's credibility, see: *Commonwealth v. Evans*, 511 Pa. 214, 224–225, 512 A.2d 626, 631–632 (1986); *Commonwealth v. Culmer*, 413 Pa.Super. 203, 212, 604 A.2d 1090, 1094–1095 (1992), were not of such a nature that their absence was so prejudicial as to render the jury's verdict unreliable, as required by *Strickland v. Washington, supra.* At trial, three witnesses testified they had observed appellant holding a knife. One of these witnesses was James Fantom. However, James Fantom did not testify that he saw the victim stabbed by appellant. Thus, James Fantom's testimony was merely cumulative. It went no further than the testimony of two additional witnesses in identifying appellant as an Asian who had a knife in his possession. Under these circumstances, it cannot be said that counsel's failure to discover that James Fantom was on probation rendered his assistance constitutionally ineffective so as to require a new trial.

■ Arnold Bischoff, the victim's brother, had identified appellant as his brother's killer on the day of the stabbing. On cross-examination at trial, however, the witness conceded that he had not actually witnessed the stabbing of his brother.

---

2. At the time of trial, Fantom was on probation for the crime of simple assault.

Appellant contends that trial counsel should have impeached the witness's direct examination testimony by introducing an allegedly prior inconsistent statement, made by the witness at a pre-trial suppression hearing, that his identification of appellant had been based upon that which he had been told. The absence of this impeachment, however, did not render defense counsel ineffective. Indeed, his cross-examination of the witness was quite effective, for he was able to establish, in fact, that the witness had not seen appellant stab his brother. We will not second guess strategic decisions made by trial counsel.

 Immediately prior to the trial court's charging of the jury in this case, the following occurred outside the presence of the jury:

THE COURT: We're at sidebar and I've raised the issue to Mr. Meglio that it was not my recollection—that it was my recollection that there was no testimony as to the reputation of the defendant. Mr. Meglio advised me that he had spoken to his client and members of the family and that there was no one in the neighborhood that was willing to come in and testify. Is that in effect what you said, Mr. Meglio?

MR. MEGLIO: What I really said is that they had people in the neighborhood who knew of my client's good reputation but because of business reasons and other reasons they hesitated coming in. They didn't really think it was important for them to come in.

THE COURT: Now, as a result of our sidebar discussion the Commonwealth has agreed that a stipulation be introduced by Mr. Meglio to the effect that if the defendant's brother were to testify, he would testify that he had spoken to other people in the neighborhood and if they were called—and from his conversation with them that his brother has a reputation for being a peaceful and law-abiding citizen.

Thereafter, the jury was informed of the stipulation and, with respect thereto, the trial court said:

THE COURT: Ladies and Gentlemen, before I begin my charge, you have just heard that counsel have entered into a

stipulation, agreement, that this defendant's reputation in the community for being a peaceful and law-abiding citizen is good. That would be based upon the testimony that could be offered by his brother which would be based upon his conversations with other people in the community.

I have told you frequently and will tell you again that statements made by counsel are not evidence. However, with every rule there are exceptions, and one of the exceptions to that rule is when counsel agree to a set of facts you may accept those facts as being facts in this case and you may consider them in your deliberations as evidence in this case.

That is an exception to the rule that statements made by counsel are not evidence. That statement is evidence for your consideration.

During its final charge, the court instructed the jury as follows:

The defendant has offered evidence tending to prove that he is a person of good character. I'm speaking of the stipulation which was made earlier in this case to the effect that the defendant's reputation was good for truthfulness and law-abiding—being a law-abiding citizen. The law recognizes that a person with good character is not likely to commit a crime which is contrary to his nature. Evidence of good character may by itself raise a reasonable doubt and justify a verdict of not guilty. You must weigh and consider the evidence of good character along with the other evidence in the case. If on all of the evidence you have a reasonable doubt of the defendant's guilt, you must find him not guilty. However, if on all of the evidence you are satisfied beyond a reasonable doubt that the defendant is guilty, you should find him guilty.

Appellant argues on appeal that trial counsel was ineffective for failing to obtain and present character witnesses at his trial. In support of this contention, he has submitted affidavits signed by members of his own family who state that trial counsel did not at any time discuss with them the significance of character evidence or otherwise make any effort to obtain

character witnesses on appellant's behalf. Affidavits of several persons in the community have also been submitted to the effect that such persons were aware of appellant's good reputation and would have been available and willing to attest thereto if they had been asked to testify at his trial.

It has been observed that "a lawyer who fails to use character evidence on a defendant's behalf can indeed be deemed constitutionally ineffective if there is no reasonable basis for such failure." *Commonwealth v. Mickens, supra* at 280, 597 A.2d at 1203. See, e.g.: *Commonwealth v. Weiss,* 530 Pa. 1, 606 A.2d 439 (1992); *Commonwealth v. Gillespie,* 423 Pa.Super. 128, 620 A.2d 1143 (1993); *Commonwealth v. Luther,* 317 Pa.Super. 41, 463 A.2d 1073 (1983). In the instant case, however, counsel did not fail to present character evidence. Instead, evidence of appellant's good reputation was introduced via stipulation, and the jury was fully instructed as to the proper use to be made of the evidence. The jury, moreover, was specifically told by the trial court that the stipulation was to be considered as evidence. Under these circumstances, trial counsel will not be deemed constitutionally ineffective. Whether to use live witnesses or place before the jury appellant's good character by stipulation is nothing more than a strategic decision. It cannot be said that no competent lawyer would proceed as did defense counsel in this case.

▮▮▮▮ There was testimony at trial that, on the date of the stabbing, appellant had a moustache, but that prior to his preliminary hearing he had shaved it off. Based upon this evidence, the trial court instructed the jury as follows:

There was evidence in this case, including the testimony of the defendant and some of the witnesses, which tended to show that the defendant altered his appearance between the time of the incident and the time that he had his preliminary hearing in City Hall. The defendant testified that he did this because he frequently grows a moustache and cuts it off. The credibility, weight and effect of this evidence is for you to decide. Generally speaking, when a crime has been committed and a person thinks he is or may be accused of committing it and he changes his appearance,

this may be considered as a circumstance tending to prove that that person is conscious of guilt. Such change of appearance does not necessarily show consciousness of guilt in every case. A person may make that change for some other motive and may do so even though innocent. Whether the evidence of change of appearance in this case as tending to prove guilt depends upon the facts and circumstances of this case, and especially upon the motives which may have prompted that change of appearance. You may not find the defendant guilty solely on the basis that he changed his appearance.

Now further, for a defendant's consciousness of guilt to arise, you must first find that he changed his appearance to avoid prosecution.

Appellant argues that trial counsel was ineffective for failing to object to this "change of appearance" instruction.

Appellant's reliance upon the Supreme Court's decision in *Commonwealth v. Horwat,* 511 Pa. 398, 515 A.2d 514 (1986) is misplaced. In that case, the Court observed that "where the prosecution establishes, by direct or circumstantial evidence, that an alteration in appearance has been made by a defendant who knew that he was wanted for a crime and the jury finds as a fact that the change was effected with the intention of avoiding subsequent identification, an inference of consciousness of guilt may thereby arise, which, in connection with other proof, may form a basis upon which guilt may be inferred." *Commonwealth v. Horwat, supra* at 401, 515 A.2d at 516. See also: *Commonwealth v. Colson,* 507 Pa. 440, 464–465, 490 A.2d 811, 823–824 (1985), *cert. denied,* 476 U.S. 1140, 106 S.Ct. 2245, 90 L.Ed.2d 692 (1986); *Commonwealth v. Holland,* 480 Pa. 202, 217–218, 389 A.2d 1026, 1033 (1978). In *Horwat,* however, defense counsel was deemed ineffective for failing to object to a "change of appearance" instruction which erroneously had permitted the jury to infer guilt solely from the defendant's change of appearance, and, which did not make it clear that, in order for an inference of consciousness of guilt to arise, the jury first had to find that the defendant

had changed his appearance intentionally for the purpose of avoiding prosecution.

In the instant case, there was evidence that appellant had changed his appearance after his arrest and before his preliminary hearing; and the jury was expressly instructed that a finding of guilt could not be based solely upon appellant's change of appearance but that consciousness of guilt could be inferred only if appellant had changed his appearance for the purpose of avoiding prosecution. This instruction was a correct statement of the law. None of the defects which had been present in the charge in *Horwat* were present in the trial court's instructions in this case. Because the trial court's jury instruction on appellant's change of appearance was a correct statement of the law and was fully supported by evidence introduced at trial, there was no basis for trial counsel to make an objection. Counsel will not be found ineffective for failing to make a useless objection. See: *Commonwealth v. Albrecht*, 510 Pa. 603, 626, 511 A.2d 764, 776 (1986), *cert. denied*, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987); *Commonwealth v. Thomas*, 372 Pa.Super. 349, 353, 539 A.2d 829, 831 (1988).

■ Appellant's final allegation of ineffectiveness on the part of trial counsel is that counsel was so lacking in knowledge of Pennsylvania criminal law and trial procedure as to be incapable of providing competent representation in a first degree murder case. In this regard, appellant asks this Court to accumulate his prior specific claims of ineffectiveness and find that trial counsel's overall representation was generally deficient. This we decline to do. In order to establish ineffectiveness of counsel, as we have already observed, a defendant is required to demonstrate a specific instance in which counsel's error or omission had no rational strategic basis and caused demonstrable prejudice to the defense. We have already considered carefully each claim of ineffective assistance by trial counsel made by appellant and will not reconsider the same claims in the aggregate.

498 

 We cannot conclude, however, without considering appellant's contention that the lawyer representing him during the post-trial stage of these proceedings was ineffective for failing to raise the specific allegations of ineffective assistance by trial counsel which have been argued in this appeal. With respect to claims which we have considered and found lacking in arguable merit, there is no need for further discussion. Post-trial counsel will not be deemed ineffective for failing to raise and preserve meritless challenges to the effectiveness of trial counsel. See: *Commonwealth v. Hubbard,* 472 Pa. 259, 281, 372 A.2d 687, 697 (1977); *Commonwealth v. Tanner,* 410 Pa.Super. 398, 407–408, 600 A.2d 201, 206 (1991). With respect to appellant's claims that trial counsel was ineffective for failing to obtain and present evidence of his blood type and for failing to establish an alibi defense, we have found these allegations to be of arguable merit. With respect to these issues, further inquiry is necessary to determine also whether post-trial counsel was ineffective. " 'When an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the [trial court] to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim, this Court will remand for such a hearing.' " *Commonwealth v. McBride,* 391 Pa.Super. 113, 121, 570 A.2d 539, 543 (1990), quoting *Commonwealth v. Petras,* 368 Pa.Super. 372, 377, 534 A.2d 483, 485 (1987).

The judgment of sentence is vacated, at least for the time being, and the case is remanded for an evidentiary hearing to determine whether trial counsel and post-trial counsel were ineffective with respect to appellant's claims that evidence of his blood type and an alibi defense should have been presented to the jury. If counsel are found to have been ineffective, a new trial must be granted. If counsel were not ineffective, however, the judgment of sentence may be reimposed. Jurisdiction is not retained.