J-S48041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DOUGLAS BRUNSON, | : | |
| | : | |
| Appellant | : | No. 93 WDA 2016 |

Appeal from the PCRA Order January 7, 2016
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s):  CP-02-CR-0008333-2009

BEFORE:  BOWES, DUBOW and  MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 16, 2016**

Douglas Brunson ("Brunson") appeals from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In December 2009, Brunson entered guilty pleas in four separate cases (Nos. 200908333, 200907863, 200911431, and 200814294).  As part of the plea agreement, the Commonwealth agreed that it would make no recommendation as to a specific sentence.  On March 3, 2010, the Honorable Jill Rangos ("Judge Rangos") sentenced Brunson to prison terms of 85-170 months for the case at 200907863, 90-180 months for the case at 200908333, 18-36 months for the case at 200814294, and 30-60 months for the case at 200911431.  The sentences imposed for the cases at 200907863 and 200908333 were set to run consecutively, with the lesser sentences running concurrently.

This Court affirmed the judgment of sentence. *See Commonwealth v. Brunson*, 34 A.3d 225 (Pa. Super. 2011) (unpublished memorandum). On October 12, 2012, Brunson filed a *pro se* PCRA Petition. The PCRA court appointed Brunson counsel, who filed an Amended PCRA Petition. Brunson argued that the trial court had applied incorrect Offense Gravity Scores ("OGS") to the charges at 200908333 and 200907863, resulting in incorrectly enhanced prison terms. The Commonwealth conceded that Brunson had been sentenced incorrectly at 200908333 and requested a resentencing hearing, but maintained that the sentence imposed at 200907863 was correct.

At the resentencing hearing, the Commonwealth requested a standard range sentence. Thereafter, Judge Rangos revoked the original sentence of 90-180 months in prison and imposed a revised sentence of 65-130 months. Like the original sentence, the revised sentence was to run consecutive to the sentence at case No. 200907863. On October 16, 2013, Judge Rangos dismissed Brunson's PCRA Petition as it related to case No. 200907863; Judge Rangos reinstated Brunson's post-sentence and appellate rights in relation to case No. 200908333. Brunson filed a Post-Sentence Motion at case No. 200908333, which was denied. Brunson filed a Notice of Appeal; however, Brunson subsequently discontinued the appeal in February 2014.

On March 25, 2014, Brunson filed a timely PCRA Petition in relation to case Nos. 200908333 and 200907863, claiming that ADA Tomasic's remarks

at resentencing violated the plea agreement, and that Brunson's counsel was ineffective for failing to advise Brunson of his right to withdraw the guilty plea.

Judge Rangos filed a Notice of Intent to Dismiss and, eventually, an Order dismissing the PCRA Petition on April 22, 2014. Due to a scrivener's error, however, Judge Rangos's Notice of Intent to Dismiss and the dismissal Order both incorrectly referenced only the case at No. 200907863. On December 1, 2014, Judge Rangos issued an Order amending the April 22, 2014 Order so as to dismiss the Petitions at both case Nos. 200908333 and 200907863. Brunson, *pro se*, appealed this Order. On August 7, 2015, this Court vacated Judge Rangos's December 1, 2014 Amended Order, concluding that Judge Rangos failed to file a proper Notice of Intent to Dismiss. **See Commonwealth v. Brunson**, 131 A.3d 87 (Pa. Super. 2015) (unpublished memorandum).

On August 24, 2015, upon remand, Judge Rangos issued a Notice of Intent to Dismiss Brunson's Petition. On September 11, 2015, Brunson, *pro se*, filed both an Application for Leave to Amend his PCRA Petition and a Response to Judge Rangos's Notice of Intent to Dismiss. Judge Rangos appointed Scott Coffey, Esquire, as Brunson's counsel, who filed an amended Response to Judge Rangos's Notice of Intent to Dismiss. On January 7, 2016, Judge Rangos dismissed the PCRA Petition. Brunson then filed a timely Notice of Appeal.

On appeal, Brunson raises the following question for our review:

[] Did the [PCRA] court err in denying [Brunson's] PCRA Petition since [Brunson's] 12/17/09 plea agreement was violated during [Brunson's] 9/23/13 resentencing hearing, when the Commonwealth improperly argued for a specific sentence at the instant case, resulting in prejudice to [Brunson] since he received a lengthier, and consecutive rather than concurrent, sentence at the instant case due to the Commonwealth's violation of the plea agreement; moreover, trial counsel was ineffective for failing to inform the trial court that the plea agreement had been violated, and for failing to inform [Brunson] that he had a right to withdraw his plea since the plea agreement had been violated?

Brief for Appellant at 3 (capitalization omitted).

Our standard of review regarding a PCRA court's dismissal of a PCRA petition is whether the PCRA court's decision is supported by evidence of record and is free of legal error. **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011). "We will not disturb the findings of the PCRA court if they are supported by the record, even where the record could also support a contrary holding." **Commonwealth v. Keaton**, 82 A.3d 419, 426 (Pa. 2013).

Brunson asserts that the PCRA court erred in dismissing his Petition where his resentencing counsel, J. Richard Narvin, was ineffective for failing to inform the trial court of the plea agreement violation. Brief for Appellant at 9, 13. Brunson asserts that the resentencing court would have had the "option of imposing an even lower sentence, and running it concurrently" if the Commonwealth "had not pushed for a specific sentence" and that as a result, Brunson was "prejudiced." **Id.** at 13; **see also id.** at 9, 12. Further,

Brunson asserts that the resentencing court should have allowed him to withdraw his guilty plea and that it erred by not doing so. *Id.* at 13-14.

To succeed on an ineffectiveness claim, Brunson must demonstrate by a preponderance of evidence that "(1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. *Commonwealth v. Hannible*, 30 A.3d 426, 439 (Pa. 2011). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citations, quotation marks, and brackets omitted).

To withdraw a guilty plea where a sentence has already been imposed, "a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified." *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002) (citations and quotation marks omitted). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id.*

To ensure a voluntary, knowing, and intelligent plea, the trial court must inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Young*, 695 A.2d 414, 417 (Pa. Super. 1997); *see also* Pa.R.Crim.P. 590, cmt. (stating that a written plea colloquy may supplement an oral colloquy). "The determination of whether the defendant understood the connotations of the plea and its consequences is made by an

examination of the totality of the circumstances surrounding the plea."

***Young***, 695 A.2d at 417 (citation omitted).

Further,

[a]ssuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. Likewise, [t]here is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea. Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.

Although a defendant has no constitutional right to have an executory plea agreement specifically enforced, once a plea actually is entered, and was induced by a prosecutor's promise to abstain from making a sentencing recommendation, that promise must be fulfilled. In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the terms of the agreement.

Where the Commonwealth violates a term of the plea agreement, the defendant is entitled to receive the benefit of the bargain.

***Commonwealth v. Anderson***, 995 A.2d 1184, 1191 (Pa. Super. 2010)

(citations, quotation marks, brackets omitted).

At the guilty plea colloquy,[1] the Commonwealth noted that it would

"stand silent at the time of sentencing." N.T., 12/17/09, at 3. Judge

Rangos asked whether there were any agreements between Brunson and the

---

[1] The record indicates that Brunson completed a written guilty plea colloquy; however, the colloquy is not included in the record.

Commonwealth besides the Commonwealth's stipulation and Brunson responded "[n]o...." ***Id.*** at 3-4. Judge Rangos then explained the various possible sentences and fines that she could impose upon Brunson in each of his cases. ***Id.*** at 6-7.[2] Brunson then answered "[y]es" when asked whether he was "pleading guilty because [he] [was], in fact, guilty." ***Id.*** at 8. Based on the colloquy, Judge Rangos declared that Brunson had "made a knowing, intelligent, and voluntary waiver of his right to trial" and accepted his plea. ***Id.***; ***see also Commonwealth v. Kelly***, 5 A.3d 370, 382 n.11 (Pa. Super. 2010) (stating that "a defendant is bound by the statements he makes during his plea colloquy[.]") (citation omitted).

At the resentencing hearing, Assistant District Attorney Kelly D. Tomasic's ("ADA Tomasic") made recommendations to Judge Rangos regarding Brunson's new sentence:

> As [Brunson's counsel] accurately summarized, at the first case, [No. 200908333], the Commonwealth indeed agrees that [Brunson] should be resentenced as the [sentencing] guideline form incorrectly stated that [Brunson] was being charged with robbery-inflict serious bodily injury. That should be and has been on the new guideline form changed to robbery-threaten serious bodily injury which, in fact, lowers his standard range. We just ask [the] Court to once again sentence [Brunson] within that standard range. We leave that particular number and range up to this Court.

***

---

[2] Brunson also indicated that he understood the nature of the charges he was facing, the factual basis for his plea, the rights he was foregoing, and that he is presumed innocent. N.T., 12/17/09, at 4-5, 8.

Now, we did concede relief that he should be resentenced on these cases, but we certainly do not find any reasons for this [c]ourt to go below that standard range into the mitigated, and we certainly believe that these sentences should run consecutive[ly]. There was a reason they were to run consecutive[ly] in the first place, and we ask this [c]ourt to look at that and look at its reasons that it placed on the record back in, I believe, 2010 of [Brunson's] life of crime.

N.T., 9/23/13, at 7, 24.

Thereafter, Judge Rangos stated the following:

And [in relation to case No. 200908333], in light of the fact that the OGS was incorrect given the charge, which was threaten serious bodily injury as opposed to [inflict] serious bodily injury, and *consistent with the intent of my original sentence*, I did sentence him in the *standard range* on that sentence, I would today revoke that sentence of 90 to 180 [months] and re-impose a sentence of 65 to 130 [months] ... and that sentence and the other sentence at [case No. 200907863] continue[] to run consecutive[ly] to each other.

***

[In relation to case No. 20098333], the original sentence of 90 to 180 months, it is revoked in light of the change in the [OGS]. The new *standard range* on that count is 60 to 72 months. *In accordance with the intent of the original sentence* and having considered all of the factors raised at the original sentencing hearing as well as today, I have re-imposed sentence of 65 to 130 months. It will *remain consecutive* to the other sentence.

*Id.* at 27-29 (emphasis added).

With regard to ADA Tomasic's statements at the resentencing hearing,

Judge Rangos stated the following:

[The] statement by [ADA Tomasic] had no effect on the ultimate outcome of [Brunson's] case. The statements made by counsel are not evidence and this [c]ourt was not bound to accept a sentencing recommendation from either counsel.

- 9 -

> ***Commonwealth v. Thuy***, 623 A.2d 327, 333 (Pa. Super. 1993).
>
> Instead, this [c]ourt, after reviewing the Pre-Sentence Report, sentenced [Brunson] in the standard range of the Sentencing Guidelines, as it did originally and as it intended to do previously. The initial plea with a sentence in the standard range was flawed in only one area. The [OGS] was erroneously inflated, which caused the [c]ourt to impose an inflated sentence believing the sentence to be in the standard range. At resentencing, this [c]ourt used corrected Guidelines and [Brunson] received the standard range sentence he would have received initially had the [OGS] been accurately reported to this [c]ourt.
>
> Since the prosecutor's statement had no effect on the validity of the plea, nor did it impact this [c]ourt's sentence, counsel was not ineffective for failing to inform the [c]ourt that the plea agreement had been violated. Even if counsel had objected, this [c]ourt would not have imposed a different sentence.

PCRA Court Opinion, 3/23/16, at 4-5.

While ADA Tomasic recommended a sentence for Brunson at resentencing, Judge Rangos did not utilize the recommendation. ***See id.*** at 4. Indeed, the trial court imposed a standard range sentence after reviewing the pre-sentence investigation report, the sentencing guidelines, and the correct OGS. ***See id.***; N.T., 9/23/13, at 7, 25, 27-28; ***see also Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013) (stating that "[w]hen a sentencing court has reviewed a presentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence."). The PCRA court's conclusion that Brunson was not prejudiced by ADA Tomasic's

recommendation has support in the record, thus we will not disturb it. **See Keaton**, 82 A.3d at 426.

As Brunson cannot demonstrate that "but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different," his ineffectiveness claim must be rejected. **See Ali**, 10 A.3d at 291; **see also Martin**, 5 A.3d at 183. Further, the totality of the circumstances indicates that Brunson entered into knowing, intelligent, and voluntary plea agreement. Accordingly, the PCRA court properly dismissed Brunson's Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2016