414 A.2d 367

**COMMONWEALTH of Pennsylvania**

v.

**Frank LEE, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 6, 1979.

Filed Nov. 9, 1979.

C. Van Youngman, Philadelphia, for appellant.

Joseph Murray, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

CIRILLO, Judge:

On May 6, 1970, the dead body of a junk dealer was found inside his junk shop at approximately 4:15 p. m.  His body

---

* Justice LOUIS L. MANDERINO of the Supreme Court of Pennsylvania, and Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

had been brutally beaten and hacksawed, and the junk shop had been robbed. The defendant was convicted of first degree murder in 1977. On appeal, the conviction was reversed by the Supreme Court in *Commonwealth v. Lee*, 470 Pa. 401, 368 A.2d 690 (1977), because of a violation of the Juvenile Confession Rule. The defendant was again brought to trial, and was again convicted of first degree murder, and he has appealed that conviction.

There was only one Commonwealth witness to connect the defendant to this murder. Michael Bundy, a fellow member of a club to which the defendant belonged, testified that he saw the defendant several times on the day of the murder. He saw the defendant in the morning, at which time the defendant indicated his intention of robbing the junk man who was found murdered. Bundy saw the defendant at the club house about 3:30 p. m. on that day, and the defendant and other club members were seen counting change. About two hours later on the same day, Bundy again saw the defendant, who informed him that he had robbed the junk man and had struck him with a piece of pipe. The defendant denied the commission of the crime, and stated that on the day of the murder he had gone to the hospital to be treated for stab wounds which allegedly had been inflicted on him by Bundy about five days prior thereto. Bundy denied inflicting such stab wounds.

The defendant alleges that counsel was ineffective because he failed to find and introduce into evidence hospital records which allegedly would have shown that the defendant was treated for stab wounds several days prior to the murder and also was treated on the day of the murder. The defendant contends that these records should have been introduced for the purpose of impeaching the testimony of Bundy. However, it is obvious that the records would have been of no value since they would not have proven that Bundy stabbed the defendant, but only that the defendant was treated for stab wounds. Nor would the hospital record as of the day of the murder be of any help to the defendant because the record does not indicate what time he visited the

hospital and, therefore, would not have necessarily removed him from the scene of the crime. "Counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). We find that counsel's failure to introduce the hospital records did not render counsel's assistance ineffective since the records would not have impeached Bundy's testimony and would not have provided an alibi. The introduction of the records would have been useless, and would have had little if any effect on the outcome of the trial.

The defendant's last contention is that counsel was ineffective for not objecting to allegedly inflammatory remarks made by the prosecutor during the closing argument. We have reviewed the three allegedly improper remarks of the prosecutor, and conclude that they were not inherently prejudicial to the defendant. It is well settled that not every intemperate remark made by a prosecutor requires a new trial; the trial court has discretion to determine whether such remarks are prejudicial: *Commonwealth v. Goosby*, 450 Pa. 609, 301 A.2d 673 (1973). The allegedly improper remarks in this case could not reasonably be said to have deprived the defendant of a fair and impartial trial. Therefore, counsel was not ineffective in failing to object.

The defendant received a fair trial, and the judgment of sentence is affirmed.

MANDERINO, J., files dissenting opinion.

MANDERINO, Judge, dissenting:

I dissent. One of the issues raised in this appeal is that trial counsel was ineffective for failing to introduce into evidence certain hospital records which may have provided the appellant with an alibi and which also would have tended to corroborate appellant's testimony that the prosecution's key witness had a bias against the appellant. This

issue of the ineffectiveness of trial counsel is now being raised by appellate counsel who was also trial counsel. Under these circumstances, the issue of the ineffectiveness of trial counsel cannot be decided adversely to appellant. *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978); *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978). Appellant is entitled to a remand for the appointment of new counsel and the holding of an evidentiary hearing in the trial court on the issue of the ineffectiveness of trial counsel and on any other issue not waived or finally litigated.