443 A.2d 818

**COMMONWEALTH of Pennsylvania**

v.

**Michael GUERRISI, Appellant.**

Superior Court of Pennsylvania.

Argued May 5, 1981.

Filed March 26, 1982.

Paul W. Kilgore, Lebanon, for appellant.

William L. Thurston, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before CERCONE, President Judge, and SPAETH and CAVANAUGH, JJ.

CERCONE, President Judge:

Having been tried before judge and jury, the appellant, Michael Guerrisi, was convicted on January 10, 1980 of aggravated assault[1] and resisting arrest.[2]  On October 15, 1980, he was sentenced to five consecutive weekends in prison, a two year less one day period of probation, plus costs and fines.  This appeal followed.

■  Appellant first contends that the evidence was insufficient as a matter of law to sustain his convictions. Viewed, as we must, in the light most favorable to the Commonwealth as verdict winner below, the salient facts are these.  *See Commonwealth v. Holmes*, 482 Pa. 97, 393 A.2d 397 (1978); *Commonwealth v. Williams*, 447 Pa. 206, 290 A.2d 111 (1972); *Commonwealth v. Emmi*, 290 Pa.Superior Ct. 86, 434 A.2d 142 (1981); *Commonwealth v. Rainey*, 285 Pa.Superior Ct. 75, 426 A.2d 1148 (1981); *Commonwealth v. Young*, 233 Pa.Superior Ct. 429, 335 A.2d 498 (1975).  On September 7, 1979, two police officers, Robert E. Weinhold and Scott Bartel, were summoned by a radio dispatch to a parking lot to disperse a group of approximately twenty to thirty teenagers.  Upon arriving at about 11:00 p. m., they observed the appellant attempting to strike Michael Weller, the operator of the car.  The police officers decided to place appellant under arrest for harassment after conversing with Mr. Weller.

After informing appellant of the arrest, the officers each grasped one of his wrists and led him toward the police car. Appellant broke loose[3] and a scuffle ensued, during the

1. Crimes Code, 18 Pa.C.S. § 2702(a)(3).

2. *Id.* at § 5104.

3. We note that the act of breaking loose was not, and indeed, cannot be the basis for the resisting arrest charge.  *See Commonwealth v. Rainey*, 285 Pa.Superior Ct. 75, 426 A.2d 1148 (1981).  Rather, the conviction rests solely on Officer Weinhold's testimony that appellant struck him in the groin.  In fact, this was the only testimony offered to support that conviction.

course of which, according to Officer Weinhold's testimony alone, he was struck in the groin by appellant. The officer testified that he then retaliated by punching appellant a single time in the side of the head. Eventually, the appellant was controlled, put into the police car, and transported to headquarters. The officers testified that en route, the appellant stated he was going to kill them, and that, upon arriving at the police garage, appellant struck Officer Weinhold, precipitating another scuffle. According to their testimony, the officers then simply wrestled appellant to the ground in order to regain control over their prisoner. Clearly, when viewed in this light, the evidence sufficiently supported the appellant's convictions for the offenses of resisting arrest and aggravated assault on a police officer.

■ Appellant next contends that the lower court erred in permitting testimony concerning the altercation that took place in the police garage because the information allegedly only charged him with offenses that occurred in the parking lot. Our review of the record indicates that the information for the aggravated assault charge did in fact charge appellant with acts at both the parking lot and the Lebanon Police Department. Therefore, appellant's contention is patently frivolous.

■ Appellant's final contention is that he was denied the effective assistance of trial counsel in that counsel did not offer evidence of the physical injuries that were inflicted upon him by the police. More specifically, he contends that counsel had hospital records and pictures which would have established the serious nature of appellant's injuries to both corroborate the appellant's testimony that he was brutalized at the hands of the police while at the same time impeaching the credibility of the police officer's testimony that they only struck appellant once in the parking lot and only "wrestled" him down at the police garage. It was appellant's testimony, which was corroborated by defense witnesses, that the officers bounced him off of cars, threw him to the ground, and continually banged his head into the sidewalk at the parking lot. Also, he testified that they threatened to beat

him up when they arrived at the station and that, when they did arrive, Officer Weinhold took off his badge and utility belt, and gave them to Officer Bartold who then complied with Officer Weinhold's request to leave the area. Appellant's version of the facts continues with the allegation that Officer Weinhold took off appellant's handcuffs and attacked him. Appellant admitted to attempting to defend himself, but testified that he received a blow to the head with a blunt object from someone standing behind him, and that when he thereafter fell to the ground, Officer Weinhold and someone from behind continually kicked him in the ribs and the groin. Thus, appellant testified that after he was released his father took him to the hospital where it was necessary for him to stay over night to obtain treatment for head injuries and broken ribs. On cross-examination, appellant testified that he had the medical records from the hospital to substantiate his testimony. Nevertheless, appellant's counsel did not introduce these medical records or other medical testimony into evidence, nor did he introduce pictures of the extensive nature of appellant's injuries which appellant now claims were in counsel's trial folder. Certainly, such testimony would have been highly relevant, and perhaps even crucial, because the credibility of the defendant and his witnesses was pitted against that of our generally respected law enforcement officials. Had such evidence been admitted, the jury may have been led to seriously doubt the veracity of the testimony given by the two police officers in this case.

The standard to be applied in determining whether counsel's failure to introduce such evidence amounted to constitutionally ineffective assistance of counsel was established in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):

[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a

hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

More recently, our Supreme Court, in reference to counsel's failure to call known eye-witnesses, has held that:

> In a case where virtually the only issue is the credibility of the Commonwealth's witness versus that of the defendant, failure to explore all alternatives available to assure that the jury heard the testimony of a known witness who might be capable of casting a shadow upon the Commonwealth's witness's truthfulness is ineffective assistance of counsel.

*Commonwealth v. Abney*, 465 Pa. 304, 309, 350 A.2d 407, 409 (1976) (quoting *Commonwealth v. Twiggs*, 460 Pa. 105, 111, 331 A.2d 440, 443 (1975)).

Although *Abney* and *Twiggs* involved the favorable testimony of known eyewitnesses, this principle is equally applicable to favorable demonstrative evidence, documentary evidence, and expert testimony which is allegedly present in the instant case. *See Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976) (counsel was ineffective for failing to introduce evidence of defendant's hospitalization and injuries which was relevant to the defendant's claim of self-defense and/or mitigation of the seriousness of the homicide charge); *Commonwealth v. Adams*, 465 Pa. 314, 350 A.2d 412 (1976) (counsel was ineffective for failing to produce the testimony of two eyewitnesses to the alleged beating of the accused by police, and medical testimony to corroborate it, so as to afford the jury grounds to disregard the accused's oral admission which was made after the alleged beating). In point of fact, this Court addressed a similar issue with respect to counsel's failure to introduce hospital records indicating that the accused was treated for stab wounds which would allegedly corroborate the defendant's testimony that several days prior to the Commission of the alleged crime, the Commonwealth's chief witness had stabbed him with a knife during a quarrel. *Commonwealth v. Lee*, 271

Pa.Superior Ct. 504, 414 A.2d 367 (1979). The appellant therein claimed, *inter alia*, that the evidence should have been offered to impeach that Commonwealth witness' credibility through a showing of bias. Nevertheless, we held "that counsel's failure to introduce the hospital records did not render counsel's assistance ineffective since the records would not have impeached [the] testimony [of the Commonwealth's witness].... The introduction of the records would have been useless." *Id.*, 271 Pa.Superior Ct. at 507, 414 A.2d at 368. *But see id.*, 271 Pa.Superior Ct. at 507, 414 A.2d at 369 (Manderino, J., dissenting). In the present case, however, this cannot be gainfully said. The evidence in question, if of the nature and calibre that appellant alleges, would most certainly have impeached the testimony of Officers Weinhold and Bartal with respect to the force they used to arrest Mr. Guerrisi. Since credibility was absolutely crucial, the evidence of Mr. Guerrisi's injuries, which was allegedly corroborative of the defense version of the force used and contradictory to the version depicted by the police, could have caused the jury to disbelieve the Commonwealth's witnesses and acquit the appellant.[4] Thus, if the evidence, would have been helpful to so impeach the Commonwealth's witnesses and was available to counsel at the time of trial, as appellant contends, then the claim foregone would have been one of arguable merit.[5]

**4.** As the Supreme Court stated in *Commonwealth v. Adams*, 465 Pa. 314, 322, 350 A.2d 412, 416 (1976) (citation omitted): "We cannot determine what effect this testimony would have had in appellant's ... trial, but it is evidence the jury should have had an opportunity to consider."

**5.** Our cases have held that counsel is *not* ineffective for failing to produce evidence of an exculpatory nature if he or she did not have access to such evidence at the time of trial. *Commonwealth v. Robinson*, 487 Pa. 541, 410 A.2d 744 (1980); *Commonwealth v. Lewis*, 276 Pa.Superior Ct. 451, 419 A.2d 544 (1980); *Commonwealth v. Williams*, 271 Pa.Superior Ct. 114, 412 A.2d 601 (1979); *Commonwealth v. Sabb*, 269 Pa.Superior Ct. 206, 409 A.2d 437 (1979).

It is likewise clear that the evidence in question must be helpful to the defense. *See Commonwealth v. Burrell*, 286 Pa.Superior Ct. 502, 429 A.2d 434 (1981); *Commonwealth v. Rainey*, 282 Pa.Superior Ct. 15, 422 A.2d 652 (1980).

On the present state of the record, however, we are unable to determine what the medical records contained, what medical testimony would have been available, and also what the pictures actually portrayed, if, in fact, pictures of appellant's injuries were available to counsel as appellant now contends. We, therefore, vacate the judgment of sentence and remand to the lower court for an evidentiary hearing to determine exactly what evidence, if any, was available to the defense and to determine whether or not counsel's decision not to introduce such evidence had some reasonable basis designed to effectuate his client's interests.[6] If upon remand the lower court decides that counsel's representation was constitutionally ineffective, then a new trial shall be awarded. If, however, trial counsel's conduct was not ineffective, then the judgment of sentence shall be reinstated.

The judgment of sentence is vacated and the case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished and the parties may file new appeals from any adverse rulings.

6. Although we are hard pressed to find any reasonable basis to forego such a defense, we will, nevertheless, afford the Commonwealth the opportunity to enlighten us since we have already decided to remand this case for the reasons previously expressed herein.