**Commonwealth v. Ball**

*Deborah L. Muzereus,* for Commonwealth.
*Vincent J. Quinn,* for defendant.

CULLEN, *J.,* May 27, 2008—Before the court is the amended motion for post-conviction collateral relief filed by defendant, Terrence V. Ball. For the reasons set forth below, the amended motion will be denied.

## PROCEDURAL AND FACTUAL BACKGROUND

Following the robbery of a Fulton Bank in the City of Lancaster on August 20, 2004, defendant, Terrence V. Ball, was charged with robbery,[1] facsimile weapons of mass destruction[2] and two counts of criminal conspiracy to commit these offenses.[3]

On June 6, 2005, defendant was found guilty by a jury of robbery and facsimile weapons of mass destruction and not guilty of the remaining offenses.

On August 30, 2005, defendant was sentenced to a term of not less than 10 nor more than 20 years incarceration. Defendant did not file post-sentence motions or a direct appeal.

Defendant filed a timely pro se motion for post conviction collateral relief on August 16, 2006, and counsel was appointed to represent him. Counsel filed an amended motion raising various claims of ineffective assistance on the part of trial counsel.

An evidentiary hearing was held on May 1, 2007, before the Honorable Paul K. Allison. Due to Judge Allison's unavailability, the matter was reassigned to the undersigned and a second evidentiary hearing was

1. 18 Pa.C.S. §3701(a)(1)(ii).

2. 18 Pa.C.S. §5516(a)(1), (2)(ii).

3. 18 Pa.C.S. §903(a)(1).

held on January 23 and 31, 2008. The parties have submitted briefs, and the matter is ready for disposition.

## DISCUSSION

To be eligible for relief under the Post Conviction Relief Act, a defendant must satisfy the requirements of 42 Pa.C.S. §9543 which provides in pertinent part as follows:

"*Section 9543 Eligibility for relief.*

"*(a) General rule.*—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

"(1) That the petitioner has been convicted of a crime under the laws of the Commonwealth and is at the time relief is granted:

"(i) currently serving a sentence of imprisonment, probation, or parole for the crime; . . .

"(2) That the conviction or sentence resulted from one or more of the following: . . .

"(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. . . .

"(3) That the allegation of error has not been previously litigated or waived.

"(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic

or tactical decision by counsel." 42 Pa.C.S. §9543(a)(2)(ii).

The defendant bears the burden of establishing by a preponderance of the evidence that his conviction resulted from one or more of the enumerated errors listed in the Act. *Commonwealth v. Zook,* 585 Pa. 11, 25, 887 A.2d 1218, 1226 (2005); *Commonwealth v. Crawley,* 541 Pa. 408, 412, 663 A.2d 676, 678 (1995). A claim is deemed to have previously been litigated where the highest appellate court, which could have reviewed the issue as a matter of right, has ruled on its merits, or the claim has been previously decided on collateral review. 42 Pa.C.S. §9544(a)(2). Furthermore, a defendant is deemed to have waived an allegation where he could have raised it, but "failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S. §9544(b).

Since defendant's post-conviction issues involve claims of ineffective assistance of counsel, the following standards apply. The law presumes counsel was effective and, thus, the burden of proving otherwise rests with the defendant. *Commonwealth v. Zook,* 585 Pa. 11, 26, 887 A.2d 1218, 1227 (2005) (citing *Commonwealth v. Travaglia,* 541 Pa. 108, 118-19, 661 A.2d 352, 356-57 (1995)); *Commonwealth v. Cousin,* 585 Pa. 287, 294, 888 A.2d 710, 715 (2005). In order to establish an ineffective assistance of counsel claim, a defendant must prove by a preponderance of the evidence that "(1) the underlying claim has substantive merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) that appellant suffered

prejudice as a result of that counsel's deficient performance." *Commonwealth v. Zook,* 585 Pa. 11, 26, 887 A.2d 1218, 1227 (2005) (citing *Commonwealth v. Pierce,* 515 Pa. 153, 158-61, 527 A.2d 973, 975-76 (1987)). See also, *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, (1984) ("First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense.").

To establish prejudice under the Post Conviction Relief Act, the defendant must show that, in the circumstances of the case, counsel's ineffective assistance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Where the defendant demonstrates that counsel's ineffectiveness has created a reasonable probability that the outcome of the proceedings would have been different, then no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Kimball,* 555 Pa. 299, 312-13, 724 A.2d 326, 333 (1999).

As fact-finder in a proceeding for post-conviction relief that is based on a claim of ineffective assistance of counsel, the credibility of witnesses remains exclusively within the province of the hearing court. *Commonwealth v. Pate,* 421 Pa. Super. 442, 450-51, 468 A.2d 791, 795 (1983). An appellate court, therefore, "must give great weight to the findings of a lower court concerning the credibility of witnesses in a post-conviction proceeding." *Commonwealth v. Dupert,* 555 Pa. 547, 557, 725 A.2d 750, 755 (1999) (citing *Common-*

*wealth v. Madison,* 501 Pa. 485, 491, 462 A.2d 228, 231 (1983)).

In his first issue, defendant claims that trial counsel was ineffective for failing to move to suppress his statement on the basis that the statement was the product of defendant having been beaten by the police.

Defendant claims that he was coerced into giving a statement because he was pepper sprayed and beaten while in a holding cell in the Lancaster City Police Station. (N.T. January 31, 2008, pp. 32-34, 42-47.) Defendant was initially brought to the police station in the early morning hours of August 24, 2004. Detective Mummau and Sergeant Berkihiser of the Lancaster City Police initially questioned defendant for approximately one hour beginning at 7:30 a.m. (*Id.* at p. 6.) Defendant did not admit to the robbery and terminated the interview. He was then taken to a holding cell and told that if he wanted to speak to Detective Mummau and Sergeant Berkihiser to use the intercom in the holding cell to notify the community service aides who would in turn inform the officers. *(Id.)*

Defendant testified that he was asleep in his cell and woke up after being sprayed with pepper spray. (*Id.* at p. 32.) Defendant stated that his eyes were burning and he was blinded as a result of the spray. (*Id.* at pp. 33, 50.) Thereafter, defendant was beaten about the body, feet and throat by two unidentified men. (*Id.* at pp. 34, 45-46.) Defendant described being struck in the throat multiple times. (*Id.* at pp. 46-48.) Defendant claimed that the beating lasted for approximately 10 minutes and during that time his eyes were burning from the pepper spray. (*Id.* at p. 50.)

Defendant told the men that he would speak to the officers and sign whatever they wanted him to so that the beating would stop. (*Id.* at p. 35.)

After the two men left, defendant went to the sink in the cell to rinse his eyes. *(Id.)* Defendant testified that his eyes burned for approximately 30 to 45 minutes and that they were burning when he later talked to the officers. (*Id.* at p. 51.)

Sergeant Berkihiser testified that he was notified that defendant wanted to speak with him and Detective Mummau again and they removed him from the holding cell at approximately 3:19 p.m. (*Id.* at p. 7.) Sergeant Berkihiser did not observe anything unusual about defendant, and defendant appeared ready to speak with them. (*Id.* at p. 13.)

Sergeant Berkihiser did not see any indication that defendant had been beaten. Defendant did not have any blood on him or any bruises, cuts or welts. (*Id.* at pp. 13-14.) Defendant did not have bloodshot eyes and Sergeant Berkihiser did not see any indication that defendant had been pepper sprayed. (*Id.* at pp. 9, 18.) Defendant did not complain of being pepper sprayed or suffering from any injuries, and he did not ask for medical treatment. (*Id.* at pp. 16, 18.) Defendant admitted he did not tell either detective about the beating or that he wanted medical treatment. (*Id.* at p. 35.)

Defendant testified that he told his trial counsel about the beating approximately a week later on August 30, 2005. (*Id.* at p. 37.) Trial counsel denied that defendant told him about the beating or being pepper sprayed. (N.T. January 23, 2008, pp. 7, 22.) Trial counsel stated

that if he had known about the beating or pepper spray, he would have included such allegations in his motion to suppress. (*Id.* at p. 23.)

Where a defendant alleges trial counsel was ineffective for failing to litigate an issue on suppression, he must prove that there was a basis for suppressing the statement, trial counsel did not have a reasonable basis for failing to file a motion to suppress and that the motion would have been successful. See generally, *Commonwealth v. West,* 937 A.2d 516 (Pa. Super. 2007); *Commonwealth v. Schroth,* 495 Pa. 561, 435 A.2d 148 (1981). Trial counsel will not be found ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner,* 836 A.2d 125 (Pa. Super. 2003).

Based on the record developed at the hearing, the court concludes that defendant has failed to present any credible evidence to sustain his claim. In resolving issues of credibility, the court has considered the demeanor of each witness, his interest in the outcome of this proceeding and the substance of the testimony and the extent to which it is supported or contradicted by other evidence. The court finds the testimony of trial counsel and Sergeant Berkihiser to be credible and defendant's testimony to be unworthy of belief.

The court finds that defendant never informed trial counsel about any assault in the holding cell or being pepper sprayed. Since counsel was unaware of this claim, he could not be expected to include it in the suppression motion which was filed.

Defendant's testimony varied in certain respects between the hearing on his amended motion held in

May 2007, and the one held in January 2008. Despite the prolonged beating he claimed to have endured, defendant admitted he made no complaint about this assault to the detectives nor did he request medical treatment. In fact, his first comment when he got to the interrogation room was that he was hungry. (N.T. January 31, 2008, p. 35.)[4] Defendant's assertion that he remained silent about the alleged abuse because he was mad and being stubborn is not credible. (*Id.* at p. 51.)

Sergeant Berkihiser did not notice anything out of the ordinary in defendant's appearance when he was brought to the interrogation room from the holding cell. Further, the booking photograph, Commonwealth exhibit 5, taken at the Lancaster City Police Station after defendant's statement and the intake photograph taken at Lancaster County Prison, Commonwealth exhibit 6, do not show any injury to defendant's face, throat or head.

The court concludes that this claim is completely devoid of merit and defendant is not entitled to relief.

In his second issue, defendant alleges trial counsel was ineffective for refusing to permit defendant to testify at the suppression hearing.

Both defendant and trial counsel testified as to their recollections of what occurred regarding this issue, and counsel have addressed it in their briefs. However, extended discussion of this claim is unnecessary.

---

4. In response to this request, defendant was provided a sandwich and a drink. (N.T. January 31, 2008, p. 35.)

The transcript of the suppression hearing held June 2, 2005, reveals what transpired when the Commonwealth rested its case.

"[Assistant District Attorney]: The Commonwealth would rest. I'd ask that the suppression motion be denied.

"[The Court]: Anything?

"[Defense Counsel]: Your honor, at this time the defense would call Terrence Ball to the stand.

"[The Defendant]: *I'm not getting on the stand.*

"[Defense Counsel]: Well, your honor, then the defense would rest in terms of presentation of the suppression motion." (N.T. June 2, 2005, p. 67.) (emphasis added)

Since defendant refused to testify at the suppression hearing when given the opportunity, he cannot now complain that his attorney was ineffective for not calling him as a witness. This claim is patently frivolous.

In his third issue, defendant alleges that trial counsel was ineffective in his cross-examination of a witness. Specifically, defendant asserts that trial counsel was ineffective when he asked the bank teller and robbery victim, Dianne Williams, if she could identify defendant as the perpetrator of the crime after she had not been asked to identify him on direct examination.

A claim of ineffective assistance based on the failure of defense counsel to impeach the Commonwealth's witnesses, to elicit critical testimony or to conduct an effective cross-examination of a witness for the Com-

monwealth may possess arguable merit and will be viewed under the *Strickland/Pierce* performance and prejudice standard. See *Commonwealth v. Strutt,* 425 Pa. Super. 95, 624 A.2d 162 (1993); *Commonwealth v. Guerrisi,* 297 Pa. Super. 245, 249-50, 443 A.2d 818, 820-21 (1982). The courts, however, will not second-guess the cross-examination technique employed by defense counsel provided it was based on a strategic decision. See *Commonwealth v. Thuy,* 424 Pa. Super. 482, 493, 623 A.2d 327, 333 (1993).

Ms. Williams was unable to identify defendant as the perpetrator of the robbery at the preliminary hearing and was not questioned on direct examination by the Commonwealth about the identity of the robber. (N.T. January 23, 2008, pp. 8, 19-20.) She did identify photographs of the robber and the incident from the bank surveillance camera. (N.T. June 3, 2005, pp. 79-86.)

On cross-examination, trial counsel asked Ms. Williams if she could identify the robber and she said she could. (*Id.* at pp. 89-90.) Trial counsel then questioned her credibility and her ability to identify the perpetrator since she could not identify the robber closer to the time of the incident. (*Id.* at p. 90.) On redirect examination, Ms. Williams identified defendant as the perpetrator of the robbery. (*Id.* at pp. 90-91.) In response, defense counsel elicited that the witness had given only a limited description of the robber prior to her identification in court. (*Id.* at p. 94.)

At the hearing, trial counsel testified that he asked Ms. Williams if she could identify defendant because "(a)t the preliminary hearing, she couldn't identify Mr.

Ball as the one who came into the bank. On her direct examination, [the assistant district attorney] hadn't gone into it. I figured she would give the same or similar responses that she had given at the preliminary hearing and I would bring out that she couldn't identify Mr. Ball as the person who came into the bank." (N.T. January 23, 2008, pp. 10-11.)

It is obvious, in hindsight, that counsel's strategy was unsuccessful and it would have been better had counsel not asked this question. However, hindsight analysis is not the test of ineffective assistance of counsel.

Trial counsel stated that he asked Ms. Williams the question because he wanted to bring out that she could not identify the perpetrator and "was hoping that she couldn't identify him. Say, no, I can't identify him as the person who came in. That would kind of emphasize that." (*Id.* at p. 11.)

Given the evidence against defendant summarized below, the court cannot say that counsel's attempt to emphasize the bank teller's inability to identify the robber lacked a reasonable strategic basis.

Defendant has also failed to establish that he was prejudiced by counsel's action. Defendant gave police an oral statement as well as a 13-page written statement describing his participation in the robbery. (N.T. June 3, 2005, pp. 166-96.) The police seized clothes matching those worn by the perpetrator from defendant's residence, (*id.* at 121-24), and expert testimony linked tape found at defendant's residence to the tape used to construct the fake bomb. (*Id.* at pp. 129-37.) Finally, defendant's roommate, Alejandro DeJesus, identified

defendant as the individual in the bank surveillance photographs as well as clothing, tape and the shower head missing from his residence which was used to make the fake bomb. (*Id.* at pp. 99-107.) Defendant also acknowledged to Mr. DeJesus that he committed the robbery. (*Id.* at pp. 107-10.)

In light of this evidence, there is no reasonable probability that the outcome of the trial would have been different.

In his fourth issue, defendant claims trial counsel was ineffective for failing to request a cautionary instruction pursuant to *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A.2d 820 (1954), in light of Ms. Williams' identification testimony. In *Commonwealth v. Kloiber,* the Pennsylvania Supreme Court noted where a "witness is not in a position to clearly observe the assailant, or he is not positive as to identity, or his positive statements as to identity are weakened by qualification or by failure to identify defendant on one or more prior occasions, the accuracy of the identification is so doubtful that the court should warn the jury that the testimony as to identity must be received with caution." *Commonwealth v. Kloiber,* 378 Pa. 412, 424, 106 A.2d 820, 826-27 (1954).

Defendant claims that a *Kloiber* instruction was necessary because Ms. Williams failed to identify defendant at the preliminary hearing and then subsequently identified him at trial. Trial counsel testified that he did not request a *Kloiber* instruction because he was not aware of the *Kloiber* decision at the time of trial. (N.T. January 23, 2008, p. 13.)

"When reviewing jury instructions for error, the charge must be read as a whole to determine whether it was fair or prejudicial." *Commonwealth v. Washington,* 592 Pa. 698, 727, 927 A.2d 586, 603 (2007). (citation omitted) The court gave a general instruction with respect to the credibility of witnesses, but did not address specifically the issue of identification. (N.T. June 6, 2005, pp. 230-32.) Defendant does not contend that any part of this charge was inaccurate or unclear. Rather, he argues counsel should have requested a specific instruction dealing with Ms. Williams' identification testimony. While defendant would have been entitled to a *Kloiber* charge upon request, he has failed to demonstrate that he was prejudiced by its omission. As noted above, Ms. Williams' identification of defendant was not the only evidence linking defendant to the robbery and it was certainly not crucial to the Commonwealth's case. The evidence against defendant was overwhelming without reference to this testimony. Defendant, therefore, is not entitled to relief.

In his fifth issue, defendant claims trial counsel was ineffective for failing to object to an improper closing statement by the assistant district attorney. Defendant claims that the Commonwealth improperly shifted the burden of proof to the defense based on the following statement, "And then he goes to Philadelphia with Jorge Cruz. The mere fact that Alejandro DeJesus didn't see him do that is not evidence beyond a reasonable doubt of his innocence." (N.T. June 6, 2005, p. 218.)

In determining whether a prosecutor's closing argument is improper, the court must view it, not in isolation, but rather in the context in which it was made. *Com-*

*monwealth v. Farmer,* 758 A.2d 173, 178 (Pa. Super. 2000). Comments made by the prosecutor during closing argument do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury by causing them to feel such bias and hostility against the defendant that they are unable to weigh the evidence objectively and render a true verdict. *Commonwealth v. Strong,* 522 Pa. 445, 454, 563 A.2d 479, 483 (1989). The court will not find that a defendant is entitled to a new trial based on every unwise remark by an attorney. *Commonwealth v. Carson,* 590 Pa. 501, 540-41, 913 A.2d 220, 242-43 (2006).

Trial counsel testified that he did not object to the prosecutor's closing argument because he did not believe there was anything wrong with the statement and that it was appropriate. (N.T. January 23, 2008, p. 14.) He believed that the assistant district attorney was commenting on statements made by counsel in his closing. (*Id.* at p. 32.) Further, he did not believe the Commonwealth was trying to shift the burden of proof to defendant. (*Id.* at p. 15.)

In his closing argument, trial counsel questioned how the clothing identified as worn by the robber came to be in defendant's residence. (N.T. June 6, 2005, pp. 213-14.) The challenged remark was part of the Commonwealth's response. (*Id.* at p. 218.) While the statement at issue may have been inartful, it was not sufficient to effect the outcome of the trial.

Immediately after this comment, the prosecutor informed the jury that the Commonwealth had the burden of proof. (*Id.* at p. 219.) Viewed in context, there was

no attempt to improperly shift the burden of proof. Further, the court fully and adequately explained defendant's presumption of innocence, the Commonwealth's burden of proof and reasonable doubt to the jury. (*Id.* at pp. 228-30.) Based upon the applicable law, the court concludes that defendant's claim lacks merit.

In the final issue, defendant claims trial counsel was ineffective for failing to file an appeal on his behalf.

A defendant has a constitutional right to an appeal to the Superior Court. *Commonwealth v. Harmon,* 738 A.2d 1023, 1024 (Pa. Super. 1999), *appeal denied,* 562 Pa. 666, 753 A.2d 815 (2000). In order to establish a claim of ineffective assistance of counsel for failing to file a direct appeal, the defendant must prove that he requested counsel to file an appeal and that counsel disregarded the request. *(Id.)* An unjustified failure to file a direct appeal upon request is prejudice per se, and if the remaining requirements of the Post Conviction Relief Act are satisfied, the defendant does not have to demonstrate his innocence or the merits of the issues he would have pursued on appeal to be entitled to relief. *Commonwealth v. Spencer,* 892 A.2d 840, 842 (Pa. Super. 2006) (citing *Commonwealth v. Lantzy,* 558 Pa. 214, 227, 736 A.2d 564, 572 (1999)).

*Lantzy* does not dispense with the requirement that the defendant prove that he requested an appeal before he is entitled to relief. *Commonwealth v. Harmon,* 738 A.2d 1023, 1024 n.5 (Pa. Super. 1999), *appeal denied,* 562 Pa. 666, 753 A.2d 815 (2000). A mere allegation is not sufficient; rather the burden is on the defendant

to prove that he requested the appeal and that counsel disregarded his request. See *id.* at 1024 (citing *Commonwealth v. Collins*, 546 Pa. 616, 622, 687 A.2d 1112, 1115 (1996)).

Defendant testified he told his attorney to appeal his conviction on at least two separate occasions. After he was found guilty by the jury, defendant told counsel to file an appeal and told him again after sentencing. (N.T. January 31, 2008, pp. 38-39.) Defendant also claims that prior to the start of trial he told his attorney that he wanted "everything preserved for my appeal process." (*Id.* at p. 39.) After he was sentenced and incarcerated, defendant wrote letters to his attorney requesting transcripts. (*Id.* at p. 40.) Defendant stated he became aware that an appeal had not been filed when he received letters from counsel in response telling him he could not request transcripts because no appeal had been filed. (*Id.* at pp. 40-41.)

Counsel testified that defendant never directed him to file an appeal. (N.T. January 23, 2008, pp. 15-16, 23-25, 27.) After sentencing on August 30, 2005, he spoke with defendant and defendant said he did not want an appeal filed. (*Id.* at p. 15.) Counsel memorialized the conversation with defendant in a note to the file which states in part: "At the conclusion of the sentencing, I talked to Mr. Ball about filing an appeal in his case. I told him that there was always something that we could appeal. At the conclusion of the meeting he told me not to file any appeal in either of the cases. I told him that any matter not waived (sic) in a direct appeal would be waived and despite that information

he still maintained that I should not file an appeal in either of these two cases." (*Id.* at pp. 24-25; Commonwealth exhibit 1.)

On September 19, 2005, defendant wrote to his attorney requesting his trial transcripts. Counsel responded on September 29, 2005, reminding defendant that he had stated after sentencing that he did not wish to file an appeal, and because no appeal had been filed, there was no copy of the trial transcripts. Commonwealth exhibit 2. Defendant sent counsel another letter dated October 10, 2005, Commonwealth exhibit 3, again requesting transcripts to which counsel responded on October 17, 2005. In his October 10 letter, defendant did not ask about the status of an appeal or why one was not filed nor did he ask that counsel file an appeal. Commonwealth exhibit 3. He only requested the trial transcripts. *(Id.)*

The court does not find credible defendant's claim that he requested counsel to file an appeal on his behalf. Counsel testified that after sentencing defendant told him he did not want to pursue an appeal. Counsel memorialized his conversation with defendant in a note to his file and further memorialized the conversation in two letters to defendant. In addition to defendant's obvious interest in the outcome of this matter, the court notes that defendant failed to offer any evidence, other than his own statements, that he requested counsel to file an appeal on his behalf. The only letter from defendant, Commonwealth exhibit 3, makes no reference to an appeal. Even after receiving counsel's letters, Commonwealth exhibits 2 and 4, defendant never contacted

his attorney expressing outrage or concern that an appeal had not been filed. Defendant has failed to support his claim with any credible evidence and no relief is warranted.

For the reasons stated above, the court enters the following:

## ORDER

And now, May 27, 2008, upon consideration of defendant's amended motion for post-conviction collateral relief, and following a hearing, it is ordered that the amended motion is denied.