COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :             PENNSYLVANIA
                                               :

          v.                                  :
                                             :
                                           :

DARRELL HUNTER                   :
                                           :

        Appellant                 :      No. 861 EDA 2020

Appeal from the PCRA Order Entered February 6, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003045-2014

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               :             PENNSYLVANIA
                                             :

          v.                                  :
                                           :
                                         :

DARRELL HUNTER                   :
                                           :

        Appellant                 :      No. 862 EDA 2020

Appeal from the PCRA Order Entered February 6, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003048-2014

BEFORE: BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:           **FILED DECEMBER 10, 2021**

      Appellant, Darrell Hunter, appeals from the order entered on February

6, 2020, which dismissed his petition filed under the Post-Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

      We previously summarized the underlying facts of this case:

> Appellant's charges stem from an altercation between him
> and the mother of his three daughters, Nikkisha Whitfield, on

---

[*] Retired Senior Judge assigned to the Superior Court.

January 13, 2014. Appellant and Ms. Whitfield had arranged for Appellant to spend time with his daughters and Ms. Whitfield's oldest son while she was absent from her home. When Ms. Whitfield left for the afternoon, Appellant was already waiting outside her house. He followed Ms. Whitfield to her bus stop, but did not get on the bus with her. Ms. Whitfield sensed Appellant was angry at that time.

When Ms. Whitfield returned home on the bus four or five hours later, Appellant was waiting for her at the bus stop. Perceiving that Appellant's anger had intensified in the interim, Ms. Whitfield decided to go to a neighborhood bar, deeming it safer to be in a crowd. Appellant followed Ms. Whitfield to the bar, and began drinking and making angry threats to other patrons. As a result of Appellant's behavior, Ms. Whitfield decided to exit the bar through its back door. She returned home using an alleyway running behind her house. As Ms. Whitfield entered her backyard, Appellant emerged from the backdoor of her house and physically assaulted her, causing injuries to her face, ribs, arms, elbow, and knee. When one of the children opened the backdoor, Appellant fled.

Ms. Whitfield entered her house, barricaded the backdoor with a chair, and directed her daughter to call the police. While the police were standing on Ms. Whitfield's front porch, Appellant attempted to enter the house through the barricaded backdoor. With his body halfway into the house, Appellant threatened and attempted to harm Ms. Whitfield and their children. He fled when police officers began pursuit. Following a short chase, Appellant was apprehended and arrested.

Later that evening, Ms. Whitfield contacted police to report that Appellant had called her from a telephone located in the cell where he was being held, and again threatened her and the children. She stated that Appellant was on the other line at that moment, and when an officer investigated, Appellant was indeed using the telephone in the holding cell. Over the next four months, while he was awaiting trial on the charges arising from his assault on Ms. Whitfield, Appellant continued to contact Ms. Whitfield, both over the phone and via letters. In these communications, he threatened Ms. Whitfield,

> entreated her to either drop the charges or refuse to testify in court, and offered her money in exchange for doing so.

***Commonwealth v. Hunter***, 159 A.3d 47 (Pa. Super. 2016) (unpublished memorandum) at 1-3.

After a bench trial, the trial court found Appellant guilty intimidation of a witness or victim, burglary, simple assault, and two counts of terroristic threats.[1] On January 9, 2015, the trial court sentenced Appellant to serve an aggregate term of eight to 16 years in prison, followed by ten years of probation, for his convictions. We affirmed Appellant's judgment of sentence on October 19, 2016; Appellant did not file a petition for allowance of appeal with our Supreme Court. ***Id.*** at 1-9.

On October 31, 2016, Appellant filed a timely, *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant during the proceedings and counsel later filed an amended petition on Appellant's behalf. The amended petition raised a number of claims, including that trial counsel was ineffective for: failing to file a post-sentence motion that the verdict was against the weight of the evidence; failing investigate and present witnesses; failing to file a motion to reconsider the sentence; advising Appellant not to testify; not pursing the defense Appellant wanted; failing to object to statements made by a witness; failing to move for a mistrial because of statements made by a witness; failing to object to impermissible statements made by the judge during trial; and, failing to introduce evidence showing that

---

[1] 18 Pa.C.S.A. §§ 4952(a)(1), 3502(a)(1), 2701(a), 2706(a)(1), respectively.

Appellant lived at the address in question. **See** Amended PCRA Petition, 6/27/18, at 4.

The PCRA court held a hearing, limited solely to Appellant's claim that trial counsel was ineffective for failing to investigate and present witnesses. **See** PCRA Court Order, 6/14/19, at 1; PCRA Hearing, 1/9/20, at 1-50. On February 6, 2020, the PCRA court entered a final order, which denied the entirety of Appellant's PCRA petition.[2] PCRA Court Order, 2/6/20, at 1. Appellant filed timely notices of appeal at both docket numbers. He raises the following claims to this Court:

> [1.] Whether the [PCRA] court erred in denying [Appellant's] PCRA petition without an evidentiary hearing on the issues

_____

[2] After Appellant filed his PCRA petition, the case was assigned to the Honorable Diana L. Anhalt. On June 14, 2019, Judge Anhalt entered an order that dismissed all but one of Appellant's claims without holding a hearing. **See** PCRA Court Order, 6/14/19, at 1. The June 14, 2019 order granted Appellant an evidentiary hearing on the lone claim that counsel was ineffective for failing to investigate and present certain witnesses. **See id.**

On September 6, 2019, Judge Anhalt recused herself from the case and the case was reassigned to the Honorable Leon W. Tucker. On January 9, 2020, Judge Tucker held a hearing on Appellant's claim that counsel was ineffective for failing to investigate and present certain witnesses. Judge Tucker then denied Appellant's PCRA petition on February 6, 2020. **See** PCRA Court Order, 2/6/20, at 1.

After Appellant filed his notice of appeal, Judge Tucker requested that we remand this case to the PCRA court, so that the PCRA court could "thorough[ly] review [] all the issues before and after [Judge Anhalt's] recusal." **See** PCRA Court Opinion, 7/7/20, at 1. On August 12, 2021, we remanded the case for this limited purpose and, on October 12, 2021, Judge Tucker filed his supplemental opinion, where he thoroughly and ably addressed all of Appellant's claims.

raised in the amended PCRA petition regarding trial counsel's ineffectiveness[?]

[2.] Whether the [PCRA] court was in error in not granting relief on the issue that counsel was ineffective for the following reasons:

A. Counsel was ineffective for failing to file a post[-]verdict motion that the verdict was against the weight of the evidence.

B. Counsel was ineffective for failing to properly represent Appellant at trial.

i. Counsel did not pursue the defense Appellant wanted presented.

ii. Counsel never objected or moved for a mistrial to statements made by the witness.

iii. Counsel was ineffective for failing to object to impermissible statements made by the judge during trial and for failure to motion for a mistrial.

iv. Counsel was ineffective for failing to introduce evidence showing [Appellant] resided at [the address in question].

C. Counsel failed to present and investigate witnesses.

D. Counsel was ineffective for failure to file a motion for reconsideration of sentence.

E. Counsel was ineffective for advising Appellant not to testify.

Appellant's Brief at 8 and 16-33.

We have reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinion of the able PCRA court judge, the Honorable Leon W. Tucker. We conclude that Appellant is not entitled to

relief in this case, for the reasons expressed in Judge Tucker's October 12, 2021 opinion. Therefore, we affirm on the basis of Judge Tucker's thorough opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Tucker's October 12, 2021 opinion.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2021



FILED

OCT 1 2 2021

Appeals/Post Trial
Office of Judicial Records

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | CP-51-CR-0003045-2014 |
| V. | : | CP-51-CR-0003048-2014 |
| | : | |
| DARRELL HUNTER, | : | 861 EDA 2020 |
| Appellant | : | 862 EDA 2020 |
| | : | |

## SUPPLEMENTAL OPINION

**LEON W. TUCKER, Judge**                    **Date: October 12, 2021**

This matter appears before this Court following the dismissal of Appellant Darrell

Hunter's ("Appellant") Post-Conviction Relief Act ("PCRA") Petition and its related amended

filings, originally filed on October 31, 2016. Upon holding an evidentiary hearing and reviewing

all related filings, including the Commonwealth's Motion to Dismiss, this Court dismissed

Appellant's PCRA Petition on February 6, 2020. Appellant filed a timely Notice of Appeal to the

Superior Court of Pennsylvania, and for reasons stated below, this Court issued an Opinion to the

Superior Court on June 26, 2020 requesting remand. On August 12, 2021, the Superior Court did

in fact remand the matter back to this Court "so that the PCRA court may thoroughly review all

of the relevant issues in this case [and to] file [a] supplemental opinion[.]"

Pursuant to the Superior Court's Order, this Court issues the following Supplemental

Opinion after a thorough review of all the issues as raised in Appellant's PCRA Petition and the

Commonwealth's Motion to Dismiss. For the reasons stated below, this Court concludes that the

issues raised in Appellant's PCRA Petition should be denied and the PCRA Petition be dismissed.

## I.    Procedural History

On January 9, 2015, on the case docketed at CP-51-CR-0003045-2014, subsequent to a jury before the Honorable Diana Anhalt finding Appellant guilty of intimidation of witness[1] and terroristic threats[2], Judge Anhalt sentenced Appellant to five to ten (5-10) years incarceration followed by a consecutive ten-year probationary sentence, along with other conditions. On the case docketed at CP-51-CR-0003048-2014, the jury found Appellant guilty of burglary[3], terroristic threats[4], and simple assault[5], and Judge Anhalt sentenced Appellant to three to six (3-6) years incarceration followed by a 14-year probationary sentence, along with other conditions. Judge Anhalt indicated that the sentences in CP-51-CR-0003045-2014 and CP-51-CR-0003048-2014 were to run consecutive to each other, therefore sentencing Appellant to an aggregate term of eight to sixteen (8-16) years incarceration with a consecutive 10-year probationary sentence. Appellant thereafter filed a Notice of Appeal with the Superior Court of Pennsylvania on February 6, 2015 for both of the above-captioned matters, and on October 19, 2016, the Superior Court affirmed both of Appellant's judgment of sentences in a consolidated Opinion. *Commonwealth v. Hunter*, 416 EDA 2015 (Pa. Super. Ct. 2016).

After the Superior Court affirmed Appellant's judgment of sentences in the above-captioned matters, Appellant filed a *pro se* PCRA Petition on October 31, 2016, which raised several claims of ineffective assistance of counsel. Appellant filed *pro se* his first Amended

---

[1] 18 Pa. Cons. Stat. § 4952.
[2] 18 Pa. Cons. Stat. § 2706.
[3] 18 Pa. Cons. Stat. § 3502.
[4] 18 Pa. Cons. Stat. § 2706.
[5] 18 Pa. Cons. Stat. § 2701.

PCRA Petition on February 21, 2017. Following a period of continuances before Judge Anhalt, the PCRA court appointed attorney Peter Levin as Appellant's PCRA counsel and attorney Levin entered his appearance on September 12, 2017. Attorney Levin, on behalf of Appellant, filed a second Amended PCRA Petition on June 27, 2018. The Commonwealth thereafter filed a Motion to Dismiss PCRA Petition on May 8, 2019.

On June 14, 2019, after reviewing Appellant's PCRA Petition, Appellant's Amended PCRA Petitions, and the Commonwealth's Motion to Dismiss PCRA Petition, Judge Anhalt issued an Order which granted and denied in part Appellant's PCRA Petition. Specifically, Judge Anhalt's Order granted in part Appellant's PCRA Petition as to the sole issue regarding the alleged failure of trial counsel to investigate and call witnesses and requested an evidentiary hearing on this issue. All other claims raised in Appellant's PCRA Petition were denied.

On August 2, 2019, after Judge Anhalt issued the Order granting in part Appellant's PCRA Petition, Judge Anhalt recused herself from the case.[6] On August 9, 2019, the matter was reassigned to the Honorable Leon W. Tucker, as at that time Judge Tucker was serving as the Supervising Judge of Philadelphia's Court of Common Pleas, Criminal Section of the Trial Division of the First Judicial District.[7] This Court, pursuant to Judge Anhalt's June 14, 2019 Order and the "coordinate jurisdiction" rule[8], rescheduled Appellant's evidentiary hearing for January 9, 2020. On that date, this Court held an evidentiary hearing to consider the sole

---

[6] At the time of recusal, the docket did not state why Judge Anhalt recused herself from the case, nor was there any Order issued explaining or documenting the recusal.

[7] The Honorable Leon W. Tucker has since moved to the Civil Trial Division, Commerce Program.

[8] In accordance with the "coordinate jurisdiction" rule, this Court only moved forward on this case in compliance with Judge Anhalt's June 14, 2019 Order – this Court could not expand, contract, or otherwise reverse Judge Anhalt's prior ruling. *Zane v. Friends Hosp.*, 836 A.2d 25, 29 (Pa. 2003) (citing *Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995)) (The "coordinate jurisdiction" rule "commands that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge.").

3

allegation of trial counsel's ineffectiveness for failure to call Appellant's daughter, Shai-Ann Whitfield. Three witnesses – trial counsel Chris DiMuzio, Appellant, and Ms. Whitfield – testified during the evidentiary hearing.

Following the evidentiary hearing, along with reviewing all earlier filings, this Court issued a 907 Notice of Intent to Dismiss on January 15, 2020. On February 6, 2020, this Court issued an Order dismissing Appellant's PCRA Petition. On February 20, 2020, Appellant filed with this Court a Motion for Extension of Time, requesting more time in order to file a Notice of Appeal with the Superior Court. This Court granted Appellant's Motion for Extension of Time on March 3, 2020, and Appellant thereafter filed a timely Notice of Appeal with the Superior Court on March 7, 2020.

On March 10, 2020, this Court issued an Order pursuant to Pa. R.A.P. 1925(b), requesting Appellant to file with this Court a 1925(b) Statement of Matters Complained of on Appeal. On March 23, 2020, Appellant, through court-appointed PCRA attorney Peter Levin, filed with this Court Appellant's 1925(b) Statement, wherein Appellant alleged the following errors verbatim:

> A. Counsel was ineffective for failing to file a post verdict motion that the verdict was against the weight of the evidence.
> B. Counsel was ineffective for failing to properly represent Petitioner at trial
>   1. Counsel did not pursue the defense Petitioner wanted presented.
>   2. Counsel never objected or moved for a mistrial to statements made by the witness.
>   3. Counsel was ineffective for failing to object to impermissible statements made by the judge during trial and for failure to motion for a mistrial.
>   4. Counsel was ineffective for failing to introduce evidence showing the Petitioner resided at 3107 N Patton St. Philadelphia PA 19132.
> D. Counsel was ineffective for failure to file a motion for reconsideration of sentence.
> E. Counsel was ineffective for advising Petitioner not to testify.
> F. Appellate counsel was ineffective for failing to properly represent Petitioner. The Court was in error in denying Petitioner's allegation that his counsel was ineffective for failing to call and investigate witnesses....

4

As this Court was preparing to file its 1925(a) Opinion to be filed with the Superior Court of Pennsylvania, this Court for the first time was made aware that Judge Anhalt's intentions upon recusal were not made clear on the record. Specifically, this Court came to learn that Judge Anhalt intended to not only recuse herself, but also vacate and rescind all her prior rulings and decisions issued in the instant PCRA Petition.[9] Therefore, upon this Court coming to appreciate this, this Court issued an Opinion to the Superior Court on June 26, 2020 requesting remand so that the PCRA court could do a more thorough review of the instant PCRA matter.

On August 12, 2021, the Superior Court of Pennsylvania remanded the matter back to this PCRA Court in order to do a more thorough review of Appellant's PCRA Petition. Subsequently, the Honorable Diana Anhalt issued an Order on September 22, 2021, making clear that "[a]ny/all decisions made by [Judge Anhalt] are rescinded due to this Court's recusal" and that "[Appellant] should have a new judge review his entire PCRA[.]"

Accordingly, pursuant to the Superior Court's August 12, 2020 Order, and in accordance with Judge Anhalt's September 22, 2021 Order, this Court has reviewed all of the issues Appellant raised in their PCRA Petition, and as stated below, concludes that Appellant's PCRA must be dismissed. Therefore, the Superior Court should ultimately affirm this Court's Order dismissing Appellant's PCRA.

## II. Discussion

The Superior Court, after this Court has done a more thorough review of Appellant's PCRA Petition, should affirm this Court's Order dismissing Appellant's PCRA Petition in its entirety. Preliminarily, while Appellant's PCRA is timely, and therefore this Court has the

---

[9] As stated below, upon remand from the Superior Court, Judge Anhalt has since issued an Order on September 22, 2021, making clear on the record her intentions upon recusal from the instant PCRA matter.

5

jurisdiction to consider the merits of the issues raised therein, this Court concludes that the issues raised have no merit. Therefore, the dismissal of Appellant's PCRA Petition should be affirmed as this Court finds that the merits of the issues raised therein have no merit.[10]

### A.    Jurisdiction

Before this Court can consider the merits of any PCRA petition, this Court must determine whether it has jurisdiction over the PCRA petition. Under Pennsylvania's Post-Conviction Relief Act ("PCRA") statute, 42 Pa. Cons. Stat. §§ 9541-9546, the Court of Common Pleas generally has jurisdiction over a PCRA petition as long as the PCRA petition is timely. 42 Pa. Cons. Stat. § 9545(a)-(b). In order for a PCRA petition to be considered timely, the PCRA petition must be filed within one year from the date when judgment becomes final. *Id.* § 9545(b)(1). Judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

Additionally, a petitioner may have an otherwise untimely PCRA petition reviewed by a PCRA court as long as the petitioner can plead one of the timeliness exceptions found within the statute; however, it is the petitioner's burden alone to plead one of these timeliness exceptions. *Id.* § 9545(b)(1)(i-iii) (listing the three timeliness exceptions a petitioner may plead in order to have an otherwise untimely PCRA petition reviewed); *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012) (citing *Commonwealth v. Bronshtein*, 752 A.2d 868, 871 (Pa. 2002)). Unless a PCRA

---

[10] Although normally this Court would review Appellant's 1925(b) Statement in preparing its Opinion to the Superior Court, as the Superior Court has instructed this Court to review the issues as raised in Appellant's PCRA Petition, this Court will review that and its related filings. Notably, the issues raised in Appellant's 1925(b) Statement are essentially identical and a recitation of the issues raised in their PCRA Petition, and the issues could be deemed waived. *Commonwealth v. Dowling*, 778 A.2d 683, 687 (Pa. Super. Ct. 2001) ("A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.")

petition is deemed timely or the petition successfully invokes one of the timeliness exceptions, the PCRA court does not have jurisdiction to consider the merits of the PCRA petition and must deny petitioner's claims. *Jones*, 54 A.3d at 17 (citing *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723-24 (Pa. 2003); *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)).

With the above understanding, this Court concludes that Appellant's PCRA Petition is timely, and therefore, this Court has jurisdiction to consider the merits of Appellant's PCRA Petition. Appellant's judgment of sentence for each of the above-captioned cases became final on November 19, 2016, which is the date that Appellant's opportunity to file a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania expired following the Superior Court affirming his judgment of sentences.[11] Therefore, Appellant needed to have filed the instant PCRA Petition before November 19, 2017, for the Petition to be deemed timely. In that Appellant filed the instant PCRA Petition on October 31, 2016 – well before November 19, 2017 – this Court has jurisdiction to consider the merits of Appellant's PCRA Petition.

### B.  Merits of Issues Raised Within PCRA Petition

As this Court has jurisdiction over Appellant's PCRA Petition, this Court now moves forward in reviewing the merits raised therein. Appellant's PCRA Petition raises six ineffective assistance of counsel claims, alleging: (1) trial counsel was ineffective for failing to file a post-verdict motion that the verdict was against the weight of the evidence; (2) trial counsel was ineffective for failing to properly represent Appellant at trial; (3) trial counsel was ineffective for failing to investigate and interview witnesses; (4) trial counsel was ineffective for failure to file a motion for reconsideration of sentence; (5) trial counsel was ineffective for advising Appellant

---

[11] Pa. R.A.P. 1113(a) ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court[.]").

7

not to testify; and (6) appellate counsel on direct appeal was ineffective for failing to properly represent Appellant.

In general, in order for a petitioner to prevail on an ineffectiveness claim, a petitioner must successfully plead and prove that: (1) the claims are of arguable merit; (2) prior counsel had no reasonable basis for their actions; and (3) counsel's actions prejudiced the petitioner. *Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999) (citing *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987)). It is the petitioner's burden to plead and prove ineffective assistance of counsel, and ineffectiveness claims begin with the presumption that counsel's representation was effective. *Commonwealth v. Pearson*, 685 A.2d 551, 555-56 (Pa. Super. Ct. 1996). Additionally, counsel can never be considered to have provided ineffective assistance of counsel for failing to raise a claim that is meritless. *Commonwealth v. Thuy*, 623 A.2d 327, 335 (Pa. Super. Ct. 1993).

This Court will address each of the claims listed above in turn, and as stated below, concludes that each of the six ineffective assistance of counsel claims must be denied.

### 1. Appellant's ineffective assistance of counsel claim regarding failure to file post-verdict motion challenging the weight of the evidence.

This Court concludes that Appellant's claim that trial counsel was ineffective for failing to file a post-verdict motion challenging the weight of the evidence as to the burglary and intimidation of witness convictions is meritless. Specifically, this Court finds that trial counsel cannot be deemed ineffective for failing to file a meritless motion as to the burglary and intimidation convictions.

Regarding a challenge to the weight of the evidence, it is well-settled that a new trial can only be granted when "'the verdict is so contrary to the evidence as to shock one's sense of justice [and not] where the evidence is conflicting [or] where the trial judge would have reached a different conclusion on the same facts.'" *Davis v. Mullen*, 773 A.2d 764, 766 (Pa. 2001)

(quoting *Henery v. Shadle*, 661 A.2d 439 (Pa. Super. Ct. 1995)) (changes made in original). In this same vein, the trial judge who had the opportunity to hear and see the evidence will be given great deference to their findings and reasonings. *Commonwealth v. Widner*, 744 A.2d 745, 753 (Pa. 2000) (citing *Commonwealth v. Farquharson*, 354 A.2d 545 (Pa. 1976)).

Appellant alleges in the PCRA Petition that the "verdicts on the Burglary and Intimidation charges were sustained on conflicting and contradictory testimony of a single witness." (Appellant's Amended PCRA Petition at 12 (June 27, 2018)). More specifically as to the burglary conviction, the crux of Appellant's argument is that the "Commonwealth's contention that [Appellant] had no permission to enter the home is unfounded." (*Id.* at 13). Preliminarily, this Court agrees with the Commonwealth's position that the errors as alleged in Appellant's PCRA Petition go towards *sufficiency* of the evidence, rather than the *weight* of the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (stating that claims challenging the sufficiency of the evidence is a question of law, whereas claims challenging the weight of the evidence consider whether there was sufficient evidence to sustain the verdict). However, as Appellant has framed this ineffectiveness claim as a challenge to the weight of the evidence, this Court will review this claim in that manner.[12]

Upon further review, and with giving great deference to the trial judge, this Court agrees with the Commonwealth's position that there was sufficient evidence introduced at trial to sustain the burglary conviction. Testimony was introduced demonstrating that Appellant was barricaded from entering the home; that Appellant attempted to force his way back into the home

---

[12] Even if this Court were to review this claim as a challenge to the sufficiency of evidence, this Court agrees with the Commonwealth that, regardless of whether Appellant was the original renter of the house or was allowed in the home at certain times, case-law demonstrates that when facts exist to show that an individual does not have a right to enter the home at the time of the alleged burglary, then the conviction will be sustained. *Commonwealth v. Majeed*, 694 A.2d 336 (Pa. 1997).

9

(and did in fact get his body halfway into the house); that Appellant threatened to harm the individuals occupying the home at that time; and that the witness, Nikkisha Whitfield, had visible injuries and the home was in disarray once Appellant fled. This Court finds that this evidence is sufficient to support burglary, and posits that Appellant has failed to show any other facts or evidence which could lead this Court to believe the burglary verdict is so contrary to the evidence as to shock one's sense of justice. Further, Appellant's averment that Nikissha Whitfield's testimony was contradictory is unavailing because, as stated above, mere contradictory evidence is not sufficient to successfully plead and prove a weight of evidence challenge. Therefore, as this Court finds that Appellant's ineffectiveness claim for failing to file a post-verdict motion challenging the weight of the evidence as to the burglary charge would ultimately have been a meritless claim, therefore, counsel could not have been deemed ineffective and this claim fails for this reason.

Moving towards Appellant's claim that trial counsel was ineffective for failing to file a post-verdict motion challenging the weight of the evidence as to the intimidation of witness conviction, this Court preliminarily notes that Appellant raised a near-identical argument in their direct appeal. On direct appeal, the sole issue Appellant raised was whether the evidence was sufficient to warrant their conviction on the witness intimidation charge. Upon review, the Superior Court held that "actual or attempted threats" are not necessary to prove beyond a reasonable doubt a witness intimidation charge, but rather, the courts should view "the totality of the circumstances". With this framing, the Superior Court concluded on direct appeal that there was "sufficient evidence that his threats, pleas, and pecuniary inducements" were sufficient to prove witness intimidation and affirmed Appellant's judgment of sentence. *Commonwealth v. Hunter*, 416 EDA 2015 (Pa. Super. Ct. Oct. 19, 2016).

10

In the instant PCRA Petition, Appellant alleges that the "guilty verdict of intimidation was against the weight of the evidence" and that "[i]t is abundantly clear that there is no specific event or act which was in fact intimidation". (Appellant's Amended PCRA Petition at 14-15 (June 27, 2018)). While the Commonwealth cites to *Commonwealth v. Tedford*, 960 A.2d 1 (Pa. 2008), in support of their position that this claim was previously litigated and therefore waived, notably, the Commonwealth fails to note that *Tedford* further holds the reviewing court must independently review ineffectiveness claims, as an ineffectiveness claim creates a separate issue for review under the PCRA. *Tedford*, 960 A.2d at 14.

However, this Court finds that Appellant's challenge to the weight of the evidence as to the intimidation of witness conviction is also meritless. As stated above, a new trial can be granted as to a challenge of the weight of the evidence only if the verdict was so contrary as to shock one's sense of justice. Regardless of the fact that the issue on direct appeal as to the intimidation charge was different, the Superior Court in affirming Appellant's judgment of sentence amply provided that there was sufficient evidence, considering the totality of the circumstances, to find Appellant guilty of the intimidation of witness charge. This Court agrees.

Therefore, as this Court finds that Appellant's challenge to the weight of the evidence as to the intimidation of witness charge is meritless, this Court arrives at the conclusion that trial counsel could not have been ineffective for not filing a post-verdict motion alleging this claim, and therefore Appellant's claim as raised in his PCRA must be denied.

### 2. Appellant's claim regarding trial counsel's alleged ineffectiveness for failing to properly represent Appellant at trial.

Appellant's second issue raised in his PCRA Petition is that counsel was ineffective for not "properly representing" the Appellant at trial. In making this allegation, Appellant specifically alleges four issues in an attempt to support this claim: (1) trial counsel did not pursue

11

the defense Appellant wanted; (2) trial counsel never objected or moved for a mistrial to statements made by the witness; (3) trial counsel was ineffective for failing to object to impermissible statements made by the judge during trial and for failing to motion for a mistrial; and (4) trial counsel failed to introduce evidence showing Appellant resided at the home he was convicted of burglarizing. This Court will address each in turn below.

As to the first, second, and third claim as recited above, this Court finds that they are so underdeveloped as to warrant dismissal. "Claims of ineffective assistance of counsel are not self-proving; [an] undeveloped claim of ineffectiveness is insufficient to prove an entitlement to relief." *Commonwealth v. Jones*, 811 A.2d 994, 1003 (Pa. 2002) (holding that boilerplate allegations of ineffectiveness does not satisfy a petitioner's burden to plead and prove these claims). Similar to *Jones*, as to these three claims, Appellant fails to meaningfully address the *Strickland/Pierce* prejudice requirement, and therefore, these ineffectiveness claims must be dismissed.

As to the fourth claim, Appellant alleges that if trial counsel had introduced evidence showing he resided at the home he was charged with burglarizing, the burglary charge would have been moot and a verdict of guilty would have been impossible. (Appellant's PCRA Petition at 23 (June 27, 2018)). This claim fails for two reasons. First, as the Commonwealth points out, Appellant testified that his address was that of the home he was alleged to have burglarized, and the sole witness further testified that the original rental agreement was in his name and they had lived together there, among other things. Secondly, as previously stated, *supra* footnote 12, *Majeed* provides that one can be convicted of burglary regardless of whether they may have had some type of legal right to possession or had previously lived in the home. Therefore, this Court finds that the issue of whether trial counsel was ineffective for failing to argue that Appellant

12

lived at the home is not only moot, but unavailing in consideration of the case-law addressing this point.

Due to the above conclusions, this Court finds that Appellant's ineffectiveness claims alleging trial counsel failed to properly represent Appellant must be dismissed.

### 3. Appellant's claim regarding trial counsel's alleged ineffectiveness for failing to investigate and interview witnesses.

Appellant's third error alleged in their PCRA Petition is that trial counsel was ineffective for failing to investigate and interview witnesses. As stated above, this Court held an evidentiary hearing on this issue, and ultimately concluded that this claim must be dismissed for lack of credibility as stated below.

Under this specific type of alleged ineffectiveness, *Strickland* prejudice is proven by demonstrating that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. *Commonwealth v. Treiber*, 121 A.3d 435, 463-64 (Pa. 2015) (citing *Commonwealth v. Puskar*, 951 A.2d 267, 277 (Pa. 2008)); *Johnson*, 966 A.2d at 536 (citing *Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa. 2007)). Further, the PCRA petitioner "'must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case.'" *Id.* (quoting *Commonwealth v. Gibson*, 951 A.2d 1110, 1134 (Pa. 2008)).

This Court upon review finds that Appellant here has failed to credibly establish the required *Strickland* performance and prejudice test particular to an ineffective assistance of counsel claim for failure to call witnesses, and therefore his claim must be denied. At Appellant's evidentiary hearing on January 9, 2020, which solely considered this particular issue,

13

three separate witnesses were called: (1) trial counsel Chris Dimuzio, Esquire ("attorney DiMuzio"); (2) Appellant; and (3) Appellant's daughter, Shai-Ann Whitfield ("Ms. Whitfield"). These witnesses were called to testify as to Appellant's claim that attorney DiMuzio was ineffective for failing to call Ms. Whitfield at trial as a witness and that this failure to call Ms. Whitfield prejudiced Appellant.

Appellant's alleged claim of ineffectiveness for attorney DiMuzio failing to call Ms. Whitfield lacks credibility. Attorney DiMuzio credibly denied through testimony at the evidentiary hearing that Appellant requested for Ms. Whitfield to be called. N.T. 1/9/2020, at 10, ¶ 12. Therefore, Appellant did not satisfy the third prong of the test as stated in *Treiber* and *Johnson* because counsel credibly testified that he had no knowledge that Ms. Whitfield could, or should, testify as a witness at trial. This is further supported by Appellant's own testimony at the evidentiary hearing: upon questioning from the Commonwealth attorney at the evidentiary hearing, Appellant admitted that at the time of sentencing back in 2015, when asked by the trial judge whether he felt there were any witnesses he felt should have been called at trial that were not, Appellant stated that he could not think of any. N.T. 1/9/2020, at 31, ¶ 6-8. Appellant further admitted, upon additional questioning from the Commonwealth's attorney at the evidentiary hearing, that in his original PCRA affidavit, Appellant did not list any witnesses that he in hindsight wanted called at trial. N.T. 1/9/2020, at 33, ¶¶ 5-7.

The above admissions demonstrate that Appellant's current claim that he desired witnesses to be called at trial are not credible because this specific claim was made long after the fact and subsequent to Appellant being asked this particular question – and answering in the negative – multiple times. The PCRA court during the evidentiary hearing observed the witnesses and assessed their demeanor and other truth-assessing characteristics, which the

testimony of the Appellant and his witness, Ms. Whitfield, lacked. *Commonwealth v. Dennis*, 17 A.3d 297, 305 (Pa. 2011) ("A PCRA court's credibility findings are to be accorded great deference.") (citing *Johnson*, 966 A.2d at 539).

Beyond Appellant failing to satisfy the third prong of the test outlined in *Treiber* and *Johnson*, Ms. Whitfield admitted at the evidentiary hearing that she was living in another state at the time of trial, and even further, that she had absolutely no knowledge of the trial at all until after the fact. N.T. 1/9/2020, at 41, ¶¶ 23-25; at 42, ¶¶ 13-15. While the witness living in another state and not aware of the trial is not determinative of credibility, it does not, considering all of Appellant's evidentiary hearing testimony, assist Appellant in his claim.

Therefore, this Court concludes Appellant's ineffectiveness claim as to failing to investigate and call witnesses is without credibility and must be denied.

### 4. Appellant's claim regarding trial counsel's alleged ineffectiveness for failure to file a motion for reconsideration of sentence.

Appellant's fourth issue raised in their PCRA Petition is that trial counsel was ineffective for failing to file a motion for reconsideration of sentence. Upon review, this Court concludes that this ineffectiveness claim must be denied as it is ultimately meritless.

In proving an ineffectiveness claim for failing to file post-sentence motions, a petitioner must first prove that they requested counsel to file the motion and counsel failed to follow that request without justification. *Commonwealth v. Knighten*, 742 A.2d 679, 682 (Pa. Super. Ct. 1999) (citing *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999); *Commonwealth v. Harmon*, 738 A.2d 1023 (Pa. Super. Ct. 1999)). In support of the above claim, Appellant alleges, among other things, that: Appellant asked his attorney to file a reconsideration motion but failed to; "the court did not give sufficient attention to various factors"; "the sentencing court did not state on the record *any of* the relevant sentencing factors required of a sentencing court when imposing a

15

sentence of total confinement" (emphasis in original); and "the sentence was harsh and unreasonable".

This Court finds these arguments to be unavailing, and many of the above statements patently false. Beyond Appellant simply stating in the PCRA Petition that he requested counsel to file a motion for reconsideration and trial counsel failed to, there is nothing further in the Petition or the record to support this claim. *Commonwealth v. Velasquez*, 563 A.2d 1273, 1275 (Pa. Super. Ct. 1989) ("Claims of ineffectiveness are not sufficient when presented in a vacuum.") Further, even if Appellant did request his prior counsel to file a motion for reconsideration of sentence, this Court finds that counsel would have been justified in not doing so as the motion would have been meritless.

Notably, the sentencing Judge, the Honorable Diana Anhalt, prior to imposing Appellant's sentence, stated numerous factors[13] which influenced her sentencing of Appellant. (N.T. 1/9/15 at 25-26). Additionally, as the Commonwealth notes, Appellant was sentenced below the sentencing guidelines, and on the other charges sentenced Appellant to no further penalty.

For these reasons, this Court concludes that a motion for reconsideration would have been meritless, and denies Appellant's claim that trial counsel was allegedly ineffective for failing to file a motion for reconsideration.

### 5. Appellant's claim regarding trial counsel's alleged ineffectiveness for advising Appellant not to testify.

Appellant's fifth claim – that trial counsel was ineffective for advising Appellant not to testify – should be denied, as counsel had a very reasonable basis to advise Appellant so, and

---

[13] These factors included: Appellant choosing a waiver trial; Appellant being a pod cleaner; Appellant getting his GED; Appellant having gone to college; and Appellant "working in the prison trying to make [himself] better". (N.T. 1/9/15 at 25-26).

16

Appellant only provides boilerplate allegations in support of his claim. In this type of claim, a petitioner must prove that trial counsel either interfered with their right to testify or that counsel gave specific advice "so unreasonable as to vitiate a knowing and intelligent decision to testify." *Commonwealth v. Nieves*, 746 A.2d 1102, 1104 (Pa. 2000).

Here, Appellant specifically argued the second prong of the standard as stated in *Nieves*, and provides that counsel "allegedly told [Appellant] that it was not a good idea because they could bring up any prior criminal record." Appellant further provides that he would have offered testimony in an attempt to prove he lived at the address he was charged with burglarizing and that he did not threaten the mother of this children.

This Court concludes that the claim fails for several reasons. First, in that Appellant is only arguing the second prong, this Court finds that counsel's advice was nowhere near unreasonable to the point that Appellant could not make a knowing or intelligent decision to testify or not. Further, the testimony Appellant alleges he would have provided to the trial court would likely have had no impact on the case: this Court has already addressed the fact that one can be found guilty of burglarizing a place where they may have lived or had a legal right to enter at some point in time prior to the burglary; additionally, the Superior Court has already determined that there was ample evidence of threats to find Appellant guilty of the intimidation of witness charge.

For these reasons, this Court concludes that Appellant's claim that counsel was ineffective for their allegedly improper advice regarding his right to testify must be denied.

### 6. Appellant's claim regarding appellate counsel's alleged ineffectiveness for failing to properly represent Petitioner on direct appeal.

Finally, Appellant claims that appellate counsel on his direct appeal was ineffective for failing to properly represent him. Specifically, Appellant alleges that direct appeal counsel was

17

ineffective for failing to raise the issue that the burglary charge was contrary to law. However, Appellant provides no further argument to prove this claim beyond essentially instructing this Court to look at their ineffectiveness argument as to challenging the weight of the evidence.

Even if Appellant meant to simply recast their argument as to trial counsel's alleged ineffectiveness for failing to challenge the weight of the evidence as to the burglary charge, as stated above multiple times, this Court finds that it would have been a meritless argument regardless. Further, as these claims are substantively different (ie: ineffectiveness claims based on different standards, conduct, and stages of litigation), this Court finds that Appellant does not meet the burden of proving an ineffectiveness claim by simply subsuming one argument into another. Therefore, Appellant's final claim must also be denied.

## III.  Conclusion

For the reasons stated above, upon this Court's further review of Appellant's ineffectiveness claims as alleged in his PCRA Petition, this Court concludes all of the claims must be denied as Appellant has failed to successfully meet his burden of pleading and proving an ineffectiveness claim. Therefore, the Superior Court should affirm this Court's Order dismissing Appellant's PCRA Petition.

BY THE COURT:

_____
LEON W. TUCKER, J.

rl

18

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CRIMINAL

*COMMONWEALTH V. DARRELL HUNTER,*    CP-51-CR-0003045-2014
                                     CP-51-CR-0003048-2014

*Supplemental Opinion*

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Opinion upon the person(s) and in the manner indicated below, in accordance with the requirements of PA. R. CRIM. P. 114:

**Counsel for Appellant:**     Peter A. Levin, Esquire
                               1927 Hamilton Street
                               Philadelphia, PA 19130

*Type of Service*:     ( ) Inter-Office (X) First Class Mail ( ) Certified (X) Electronically-Filed

**Appellees:**     Lawrence Goode, Esquire
                   Supervisor of Appeals Unit - Philadelphia District Attorney's Office
                   3 South Penn Square
                   Philadelphia, PA 19107

*Type of Service*:     (X) Inter-Office ( ) First Class Mail ( ) Certified (X) Electronically-Filed

**Dated:** October 12, 2021

_____
**Law Clerk's Signature**

19